Ubsdell v. Root.

---

JOHN A. UBSDELL and others *v.* HARMAN K. ROOT.

An order to refer a cause, brought upon an account for goods sold and delivered, is not an appealable order.

When a party has proceeded, under an order of reference, with the trial of the cause before the referee, he cannot afterwards appeal from the order.

MOTION to dismiss an appeal. This was an action to recover for goods sold and delivered. The account of sales contained ten items. When the cause was reached upon the calendar for trial, the plaintiffs' attorney moved for an order of reference, which was granted. A sole referee was agreed upon between the attorneys for the respective parties, and the order was entered accordingly.

The cause was then noticed by the plaintiffs' attorney for trial before the referee. The defendant's attorney attended pursuant to the notice, and without objection proceeded with the trial. The first session lasted some four hours, and was taken up with the examination and cross-examination of witnesses for the plaintiff, called to prove the sale of the goods. After this the defendant appealed from the order of reference, and this appeal the plaintiff moved to dismiss.

*D. McMahon*, for the motion. I. The order of reference is not appealable. *Gray* v. *Fox*, 1 Code R., N. S. 334; *Bryan* v. *Brennon*, 7 How. Pr. R. 359; *Dean* v. *Empire Mut. Ins. Co.*, 9 ibid. 69. II. The appearance of the defendant's counsel before the referee is a waiver of any objection to the order of reference. *Renouil* v. *Harris*, 1 Code R. 125; *Comb* v. *Wykoff*, 1 Caines' R. 147.

*Charles S. Sanford,* opposed.

INGRAHAM, FIRST JUDGE.—The order of reference in this case was made on motion for that purpose. The cause is one in which a reference may be made without the consent of parties—it being an action on contract. Where such is the case, it rests in the discretion of the judge who hears the motion whether to refer it or not, and the exercise of such discretion is not the sub-ject of review by the general term as a matter affecting the merits. We have provided for reviewing such orders, when the party aggrieved obtains the judge's certificate that the question involved is of sufficient importance or doubt as to warrant such review. As no such certificate was obtained, we think the order appealed from was not an order involving the merits, and that no appeal will lie from it. The cases cited (*Gray* v. *Fox,* 1 Code Rep., N. S. 334; *Bryan* v. *Brennon,* 7 How. Pr. R. 359; *Dean* v. *Empire Mut. Ins. Co.,* 9 ibid. 69) are in point.

Even if it was an appealable order, the defendant, by ap-pearing on the reference and proceeding with the trial, has waived any right to appeal. If he had still intended to prose-cute the appeal, he should have applied for a stay of proceedings. It can hardly be considered as proper, or consistent with a due administration of justice, after the parties have appeared and tried a cause on the merits, that the court would set all the pro-ceedings aside upon a mere question of practice.

It also appears from the papers that the referee was agreed upon between the parties, and the subsequent proceedings on the reference abundantly show that the reference was necessary.

The motion is granted.