By the Court—Woodruff, J.
The Court of Appeals have decided that no appeal will lie to that Court from the order or decree made herein, until the reference thereby directed shall have been had and a final judgment entered: that such decree, or order, is not a final judgment within the meaning of that term, as used in the Code.
The insuperable obstacle to a hearing of an appeal in the present stage of the action is, that that Court has no jurisdiction to entertain the appeal.
This Court, in General Term, have decided, in a similar case, (Lawrence v. The Farmers’ Loan and Trust Co., 6 Duer, 689; 15 How. Pr. R., 57,) on a motion to dismiss an appeal, that a decision made on a trial by the Court without a jury can only be reviewed on an appeal from the judgment, and that, where the decision and order direct a reference to take an account, that appeal cannot be taken until the account has been taken and all questions arising upon it have been disposed of at Special Term; and that an appeal, such as was heretofore taken in this cause from the order or decree in question, will be dismissed on motion; and that the term “judgment,” from which an appeal may be taken to the General Term, means the same thing as a judgment from which an appeal can be taken to the Court of Appeals.
In the present case, the order or decree appealed from directed the Referee, (in the event that certain security was not given by the defendant,) to appoint a Receiver, who should take possession of all the property alleged to belong to the partnership to which the controversy relates, and should carry on the business of the hotel in question until a sale could be made; should sell the property and collect the debts, &c., and hold the proceeds (as Receiver) to be disposed of according to the rights and interests of the parties as they may be finally settled. '
If the proceedings had at Special Term are not so defective that they must be deemed a mistrial, then, unless the circumstance that provision was thus made tor the appointment of a Receiver creates a material distinction from the case decided in this Court, it is to be deemed now settled, not only that the Court of Appeals have no jurisdiction to entertain an appeal in the present stage of this cause, but that this Court would have been bound to dis *662 miss the appeal which was taken herein to the General Term, had the respondent moved for such dismissal.
The present motion, therefore, seems to us to raise two questions only which are open to discussion:
First, Do the conduct of the cause on the trial, the unfinished state in which the trial was left, and the appointment of a Receiver in the order, so distinguish this case from Lawrence v. The Farmers' Loan and Trust Company as to make the order appealable? and,
Second, Was the General Term of this Court without jurisdiction to hear and determine the appeal, in that sense that their determination was either void or so erroneous that it will render the future proceedings in the cause also erroneous ?
1. In relation to the first question, it should be stated that the order or decree in question does not purport to determine all of the matters in issue.
A question, upon which the result of the litigation may depend, is reserved until the coming in of the report of the Referee, viz., whether the partnership between the defendants terminated on the 5th of December, 1854, or continued down to the present time. Upon the decision of that question may depend the question whether there is any property belonging to the defendant Judson, or any interest in the co-partnership property which the plaintiff, his creditor, can reach. For, if the co-partnership be then deemed dissolved, the whole property may be necessary for the payment of the co-partnership debts.
The case, then, is one in which, a trial having been begun, the Court determine a part only of the issues, and, not deciding one without which the rights of the parties cannot be determined, order the cause to a reference and appoint a Receiver. It is not a cause in which every question on which the rights of the parties depend is decided, and the application of the decision to the state of the accounts by mere computation only remains to be done.
In a suit brought for an accounting, a trial may be had, and, on determining all the questions material to the issues, an accounting may be directed as the very relief prayed for, and such accounting may be directed to be had after the trial and before a Referee.
*663 And when it is necessary tnat an account be taken for the information of the • Court, no doubt that may be directed to be taken before the trial of the cause in a case proper for the submission of the other questions to the Court or to the jury. But we apprehend that, whenever the trial is begun, whether it be the trial of the issues before the account is taken, or the trial of the remaining questions after the account is taken, it must be finished; and that part of the issues cannot be tried before the account is taken, and the residue afterwards at a subsequent term.
Where a trial is had before an accounting is directed, it should determine all the issues. Such questions as arise on taking the account are, of course, to be disposed of by the Referee; but we do not think that there can regularly be two trials of the same cause—one before and one after the accounting is had. A hearing on the report of the Referee, if any hearing is necessary in such case, is not a trial; it is a mere review of what has been done on the reference and the confirmation or setting aside of the report, or the application of the decisions made on the trial to the account stated.
The question, then, recurs: Is an order or decree, made on an unfinished trial, deciding some of the issues and appointing a Receiver, appealable?
We are not prepared to hold that every order which a Judge may make in a cause after he has begun a trial thereof, which he does not finish, is an order that cannot be reviewed on appeal, although it purports to be founded on the facts proved before him.
If, in fact, though the trial is begun, it is not completed, but is, in truth, a mistrial, it seems to us that the orders made and entered by the Judge may be appealed from as interlocutory •orders. That there should be some mode of setting aside, or of reversing, such orders, cannot be doubted.
If we hold that section 268 is applicable to such orders, and that they can only be reviewed on appeal from the judgment, then no motion to set them aside could be entertained; and, if not appealable, they must stand as valid orders in the action until a future trial shall be had and a final judgment rendered.
*664 ■This is not the meaning or effect of the section referred to. That has no application to a mistrial or the orders made thereon.
If this be correct, and the view above suggested of the trial" herein be just, then the order herein was appealable, and we ought not to disturb the order of reversal and order granting a new trial, merely because it was made upon a review of the merits and not on the grounds above stated.
Indeed, it seems to us that one of three views must be taken of the present condition of the cause.
Either the proceedings had at Special Term must be treated as of no effect, because the trial, though begun, was not finished and the term was ended;
Or, the orders there made should be set aside on motion, for the same reason;
Or, those orders were properly appealable, because made on what has practically proved to be no trial.
We regard the latter as the most suitable and orderly mode of avoiding such orders, and that nothing in section 268 forbids it. They are not made under the circumstances contemplated by that section.
But, without resting the determination of the present motion on this ground alone, we inquire,
2. Assuming that the proceedings at Special Term are to be regarded as a trial of the action, (although unfinished,) was the General Term without jurisdiction to hear and determine the appeal, in such sense that their determination was either void or so erroneous that it will render the future proceedings in the cause also erroneous ?
The remaining question is thus stated, because, if the proceedings heretofore had upon the appeal are wholly void, they ought not to incumber the record and present a palpable incongruity and conflict between the orders of the Court and the subsequent proceedings which, in that view, may properly be taken in disregard thereof. And if, though not wholly void, the proceedings are so erroneous as to render the subsequent proceedings in the cause, had in conformity with the directions of the General Term, also erroneous, then the error ought to be corrected at once, to save expense and delay in the prosecution of further and future appeals to correct the error.
*665 But, on the other hand, if, when the respondent did not move to dismiss the appeal, but suffered the same to proceed to a hearing and determination, the question is- one of regularity merely, and the decision of the General Term is operative and binding on the parties, and will not render such subsequent proceedings erroneous, then, although the General Term would have dismissed the appeal had a motion to dismiss been made, we ought not now to set aside "the proceedings,, for two reasons: First, Because, viewed as a mere irregularity, it is cured by the appearance of both parties to argue and the actual argument of the merits; and, Second, Because, on the merits, the General Term have decided that the order appealed from was erroneously made, and, therefore, to now vacate the reversal and send the parties to a reference in the face of that decision, under which the whole must hereafter be reversed, (when the reference has been had,} is- apparently subjecting the parties to great expense, trouble and delay for no useful purpose; and, in respect to the Receivership, it would break up the defendants’ business by force of a decision decided by the General Term to be wrong.
It is true that a General Term of this Court may, on the coming up of a future appeal, be so constituted that the opinions of the General Term already announced herein will not be followed; but we do not think our action here should recognize such a possibility. We should regard the decision which was in fact made; and if so, the setting aside of the order of reversal can be of no advantage to either party, but quite the contrary, and we are satisfied that, if the plaintiff proceeds to the new trial which has been ordered, his proceeding will be, in all respects, safe, and cannot be assailed by the defendants. The motion should be denied; the costs of the motion, (under the peculiar circumstances in which the motion was made,) to be costs in the cause, and abide the event.
Ordered accordingly.