## JOHN H. MORE *against* THOMAS B. RAND AND OTHERS.

(Decided June 28th, 1875.)

In an action for the dissolution of a partnership and an accounting, an interlocutory judgment was rendered in favor of the plaintiff, by which a dissolution and accounting was ordered, and also the appointment of a receiver unless a bond with surety was given by the defendants, conditioned to pay to the plaintiff any sum which, "upon *final judgment*" in the action, might be found due him. From this interlocutory judgment an appeal was taken, and the case carried to the Court of Appeals, where the judgment was reversed and a new trial ordered on the ground that evidence offered by the defendants on the trial to establish a counterclaim, set up in their answer, had been improperly rejected. *Held*, that before the new trial had been had, the court would not, on application of the surety on the bond, order it to be given up and canceled, but would leave him to set up the facts as a defense, in case an action should be brought against him on the bond.

APPEAL by a surety on a bond given in the course of the action from an order of this court, made at special term by Judge LOEW.

The action was brought for the dissolution of a partnership and an accounting and settlement in regard thereto. A trial was had at special term, and an interlocutory judgment rendered dissolving the partnership and ordering a reference to take and state the accounts between the parties, and also ordering the appointment of a receiver, unless within twenty days after the settlement of the findings and decision, the defendants

gave a bond in the penalty of $30,000, conditioned to pay to the plaintiff any sum which "*upon the final judgment*" in the action might be found due and payable to him, which bond the defendants gave. From this interlocutory judgment the defendants appealed to this court at general term, where it was affirmed, and from the order of affirmance an appeal was taken to the Court of Appeals, where the interlocutory judgment was reversed, and a new trial ordered, on the ground that the evidence to establish a certain counterclaim made by the defendants, had been erroneously excluded. After the remittitur upon the decision had been transmitted from the Court of Appeals, and before the new trial had been had, D. Willis James, the surety on the bond given on the part of the defendants as above stated, applied to have the bond declared null and void so far as he was concerned, and that it might be removed from the records of the court, or canceled upon the same.

*Edmund Coffin, Jr.*, for D. Willis James, surety on the bond, appellant.

*Raymond & Coursen*, for plaintiff, respondent.

*Fullerton, Knox & Crosby*, for defendants.

CHARLES P. DALY, Chief Justice.—It may be that the court would order a bond to be given up and canceled in a case analogous to that in which it would direct an exonerator to be entered on the bail bond; but it is not necessary to decide that question. It may be also that this, though an equitable action, is to be regarded as a mistrial, as all the issues have not been tried, the judgment having been reversed and a new trial ordered, because the judge, upon the trial, would not allow the defendants to prove their counterclaim. It does not follow, however, from this, that the giving of a bond to prevent the appointment of a receiver, should be ordered to be given up; for it is clear from the decision of the Court of Appeals, that they did not review the decision of the judge upon the issues, after the determination of which, he deemed the plaintiffs en-

titled to a receiver, or a bond in lieu thereof, for the plaintiffs' security in respect to the partnership's property.

If all the proceedings upon the trial are void and of no effect, and in consequence thereof the obligation entered into by the sureties is no longer binding, it is available as a defense to an action upon the bond, or the order directing the giving of the bond, having its foundation in a proceeding which is proved to be a mistrial, might be appealable, as was held in *Griffin* v. *Cranston* (5 Bosw. 658). If, when the cause is brought to trial again, it shall be held that the former trial was utterly nugatory, and that the whole cause must be tried over again, there is sufficient, from our knowledge of what was proved on the former trial in this case, to entitle the plaintiff to the appointment of a receiver, or in lieu of that appointment, security for the partnership property; and if, on that trial, a receiver is appointed and the property of the partnership is transferred to him, or a new bond is given, in lieu of a receiver, the defendant would then be in a position to ask the court to order that the present bond be delivered up and canceled. There is no reason why the order should be made now, and the application by the defendants was properly denied. The order of the special term should therefore be affirmed.

LARREMORE, J., concurred.

Order affirmed.