FRANK RUDD, as Receiver, etc., Respondent, *v.* GEORGE H. ROBINSON, Appellant.

The mere fact that a person is a director or stockholder of a corporation does not make him chargeable with actual knowledge of its business transactions or of entries made in its books.

The business transactions of a corporation with its members and trustees or directors are on the same footing as those with strangers, and business entries in its books of account are no more evidence against them than against strangers.

In an action, therefore, by the receiver of a corporation against one of its directors to recover for money and property alleged to have been improperly appropriated, *held*, that the books of account of the corporation were not *per se* competent evidence against him to establish a liability. *Rudd* v. *Robinson* (54 Hun, 339), reversed.

(Argued March 5, 1891; decided March 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 7, 1889, which denied a motion for a new trial made upon a case and exceptions under section 1001 of the Code of Civil Procedure, and which modified and affirmed as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The facts, so far as material, are stated in the opinion.

*Thomas Darlington* for appellant. The exception to the admission as evidence of the books of account of the Good-willie-Wyman Company was well taken. (*Peck* v. *Valentine,*

94 N. Y. 569; *Mayor, etc.,* v. *S. A. R. Co.,* 102 id. 572; *Larne* v. *Rowland,* 7 Barb. 109; *Merrill* v. *I. & O. R. R. Co.,* 16 Wend. 586; *Chaffee* v. *U. S.,* 18 Wall. 516; *Blake* v. *Griswold,* 103 N. Y. 274; *Haynes* v. *Brown,* 36 N. H. 545; *Vosburg* v. *Thayer,* 12 Johns. 461; 1 Greenl. on Ev. 115; *Brewster* v. *Doane,* 2 Hill, 537; *Wood* v. *Ambler,* 4 Seld. 170; *O. Bank* v. *Carll,* 55 N. Y. 440; 9 Hun, 239; *Gould* v. *Conway,* 59 Barb. 355; *Chenango Bridge* v. *Lewis,* 63 id. 111; *Stettauer* v. *White,* 98 Ill. 72; *State* v. *Rawls,* 2 N. & McC. 334; *Churchman* v. *Lewis,* 34 N. Y. 444; *Dooley* v. *Moan,* 57 Hun, 585; *N. U. Bank* v. *Madden,* 114 N. Y. 280; *Walter* v. *Bollman,* 8 Watts. 544; *Russell* v. *H. R. R. R. Co.,* 17 N. Y. 134; *Halsey* v. *Sinsebaugh,* 15 id. 485.) The finding of a material fact without evidence to sustain it, is an error of law and reviewable in this court. (*Mason* v. *Lord,* 40 N. Y. 476; *Putnam* v. *Hubbell,* 42 id. 106; *Pollock* v. *Pollock,* 71 id. 137; *Kennedy* v. *Porter,* 109 id. 526; *Cobbs* v. *Titus,* 6 Seld. 108; Laws of 1850, chap. 172; *S. L. Ins. Co.* v. *Packer,* 17 N. Y. 51; *Smith* v. *Alvord,* 63 Barb. 415; *Mandeville* v. *Avery,* 57 Hun, 78; *Underwood* v. *Sutcliff,* 77 N. Y. 58; *Butterworth* v. *O'Brien,* 24 How. Pr. 438.) The exceptions presenting the question as to the special ventures are well taken and should be sustained. (*Inglehart* v. *T. I. Co.,* 32 Hun, 377; *W. A. Co.* v. *Barlow,* 63 N. Y. 69; *Parish* v. *Wheeler,* 22 id. 494; *Peck* v. *D. & W. Co.,* 57 Hun, 346; *Castle* v. *Lewis,* 78 N. Y. 131; *R. L. R. Co.* v. *Roach,* 97 id. 381; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 id. 190; *Palmer* v. *C. H. Cemetery,* 122 id. 435.) The chattel mortgage given on the 20th day of October, 1883, to the defendant, having been executed with the consent of every stockholder, was a valid and binding security. (*Lord* v. *Y. F. G. Co.,* 99 N. Y. 547; *Bracket* v. *Harvey,* 91 id. 214; *Southard* v. *Pinckney,* 5 Abb. [N. C.] 184; *Paulding* v. *C. S. Co.,* 94 N. Y. 334; *T. L. O. Co.* v. *Marbury,* 91 U. S. 587; *Martin* v. *N. F. P. M. Co.,* 122 N. Y. 165.) The burden of proof in this case is upon the plaintiff, he alleging the fraud, and it remains upon him throughout the trial. (*Lamb* v. *C. A. R. R. Co.,* 46 N. Y. 271;

*Herneman* v. *Heard*, 62 id. 448; *Loeschigk* v. *Hatfield*, 5
Robt. 26; *People ex rel.* v. *Pease*, 27 N. Y. 45; 1 Greenl.
on Ev. § 80; *Sullivan* v. *Warren*, 43 How. Pr. 188; *Parton* v.
*Phettleplace*, 1 Wall. 685; *Schultz* v. *Hoagland*, 85 N. Y.
467.)

*Benjamin F. Blair* for respondent.   The account-books of
the Goodwillie-Wyman Company were properly received in
evidence.   (*M. Bank* v. *Rawls*, 21 Ga. 324; 1 Starkie on Ev.
293; Whart. on Ev. § 661; Angell & Ames on Corp. § 681;
*H. T. Co.* v. *McKean*, 10 Johns. 154; *Blake* v. *Griswold*,
103 N. Y. 429; *C. B. Co.* v. *Lewis*, 63 Barb. 111; *Hubbell*
v. *Meigs*, 50 N. Y. 480; *F. N. Bank* v. *Tisdale*, 84 id. 655;
*Huntington* v. *Attrill*, 118 id. 365; *Humphrey* v. *People*, 18
Hun, 393.)   Defendant is liable to account for the usurious
interest received by him.   (*Devoue* v. *Fanning*, 2 Johns. Ch.
252; *C. C. Co.* v. *Sherman*, 30 Barb. 553; *Coleman* v. *S. A.
R. R. Co.*, 38 N. Y. 201; *Butts* v. *Wood*, 37 id. 317; *Hoyle* v.
*P., etc., R. R. Co.*, 54 id. 314; *Blake* v. *B. C. R. R. Co.*, 56
id. 485; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 88 id. 1;
*Morrison* v. *O. & L. C. R. R. Co.*, 52 Barb. 173; *Gardner*
v. *Ogden*, 22 N. Y. 327; *Stewart* v. *L. V. R. R. Co.*, 38 N.
J. L. 505; *Gardner* v. *Butler*, 30 N. J. Eq. 702; *A. R. Co.*
v. *Blaikie*, 1 Macq. 461; *T. L. O. Co.* v. *Marbury*, 91 U. S.
587; *Hubbard* v. *N. Y., N. E. & W. I. Co.*, 14 Fed. Rep.
675; *Kitchen* v. *S. L., K. C. & N. R. Co.*, 69 Mo. 224; *Chau-
taeu* v. *Allen*, 70 id. 290, 338; *C. C. & I. Co.* v. *Parish*, 42 id.
598.)   The "special ventures" entered into by the defendant
and the corporation, for their joint profit, the defendant fur-
nishing the capital to be used, or the greater part of it, while
the corporation, through its officers and servants, did the work
and conducted the business, made the defendant and the cor-
poration partners *pro tanto*.   Such contracts were clearly
*ultra vires* the corporation, and were void as against stock-
holders and creditors, and the defendant is liable to account
for and pay over all profits received therefrom.   (*Hoyle* v. *P.,
etc., R. R. Co.*, 54 N. Y. 314; *Blake* v. *B. C. R. R. Co.*, 56

id. 485 ; *C. C. Co.* v. *Sherman,* 30 Barb. 523 ; *Coleman* v. *S. A. R. R. Co.,* 38 N. Y. 201; *Stewart* v. *L. V. R. R. Co.,* 38 N. J. L. 505 ; *Howe* v. *Savory,* 49 Barb. 403 ; 51 N. Y. 631; *Morrison* v. *O. & L. C. R. P. Co.,* 52 Barb. 173 ; *M. C. R. Co.* v. *Morgan,* 52 id. 217 ; *Dutton* v. *Willner,* 52 N. Y. 312, 319 ; *Fulton* v. *Whitney,* 66 id. 548 ; *Dodge* v. *Stevens,* 94 id. 209.) Directors of an insolvent corporation, who are also creditors, must share ratably with the other creditors in a distribution of the company's assets. (2 Morawetz on Corp. §§ 787, 803 ; *Marr* v. *Bank of West Tennessee,* 4 Coldw. 471, 484 ; *Bradley* v. *Furwell,* 1 Holmes, 433 ; *Drury* v. *Cross,* 7 Wall. 299 ; *Corbet* v. *Woodward,* 5 Sawy. 403 ; *Sawyer* v. *Hoag,* 17 Wall. 610 ; *Stout* v. *Y. M. Co.,* 13 Fed. Rep. 802 ; *Colby* v. *Copp,* 35 N. H. 434 ; *Richards* v. *N. H. Ins. Co.,* 43 id. 434 ; *Martin* v. *Zellerbach,* 38 Cal. 300 ; *S. F., etc., R. R. Co.* v. *Dee,* 48 id. 398 ; *Hope* v. *Salt Co.,* 25 W. Va. 789 ; *Hopkin's Appeal,* 90 Penn. St. 69 ; *G. L. Co.* v. *Terrell,* L. R. [10 Eq.] 168 ; *Syke's Case,* L. R. [13 Eq.] 255 ; *Gilbert's Case,* L. R. [3 Ch. App.] 559 ; 2 Story's Eq. Juris. § 1252 ; *York & N. M. R. Co.* v. *Hudson,* 19 Eng. Law & Eq. 361 ; *Charitable Corp.* v. *Sutton,* 2 Atk. 404.) The receiver of the corporation, as representing all the creditors, was the proper person to bring this action. (Laws of 1858, chap. 314 ; *Bostwick* v. *Manck,* 40 N. Y. 383.)

EARL, J. The plaintiff is receiver of the Goodwillie-Wyman Company, an insolvent manufacturing corporation organized under the laws of this state. The action was brought in equity to charge the defendant as a trustee of the corporation for the unlawful receipt and appropriation of its money and property. An interlocutory judgment was rendered against him charging him with a large amount of money thus improperly received, and appropriated.

The liability of the defendant for this money was, in the main, established by the account-books of the corporation, and the principal contention on his behalf upon this appeal is that those books were improperly received as evidence against him.

The capital of the corporation was $50,000, of which Robinson, Briggs and Innet, three of the directors, owned $1,000 each; and the balance of the stock was owned by Fisk and Goodwillie the two other directors. Goodwillie was president, Fisk treasurer and Briggs vice-president and secretary of the corporation.

There was no proof that the defendant had actual knowledge of the entries contained in the books which were used as evidence against him, or that he authorized such entries or caused them to be made. There was no proof from which the law would raise a legal presumption that he had knowledge of the entries unless he is chargable with such knowledge from the mere fact that he was a stockholder and trustee of the corporation.

There is no rule of law which charges a director or stockholder of a corporation with actual knowledge of its business transactions merely because he is such director or stockholder. In this case the broad claim is made that in an action by a corporation against one of its members to enforce a personal liability to the corporation, its books are competent evidence against him to show the condition of the accounts between him and it, and to establish the extent of his liability to it upon their simple production, and proof that they are the books of the corporation kept as such by its officers and agents. The proposition is thus announced in the points of the learned counsel for the plaintiff: "Between a corporation and its members all its books regulary kept by its officers and agents for the purpose of recording its transactions and properly conducting its business are *per se* evidence."

The cases reported in this country and England bearing upon this question are very numerous, and the general expressions of judges contained in their opinions are not entirely harmonious. The conflict, however, is mainly in the *dicta* of judges, and not in decisions actually made.

The books of corporations for many purposes are evidence, not only as between the corporation and its members, and between members, but also as between the corporation or its

members and strangers. They are received in evidence: generally to prove corporate acts of a corporation such as its incorporation, its list of stockholders, its by-laws, the formal proceedings of its board of directors and its financial condition when its solvency comes in question. But we have not been able, after a careful examination of the authorities cited by the counsel for the plaintiff, and many others, to find any case in which it has been decided that the books of account of a corporation are competent evidence, of themselves, to establish an account or claim against a trustee or stockholder in an action brought in behalf of the corporation; and it has been repeatedly said by judges and text writers that they are not competent for that purpose.

In Wharton on Evidence (3d ed. § 662), it is said that even in suits by a corporation against its members its books cannot be used as " proving in behalf of the corporation self-serving entries." In Angell and Ames on Corporations (11th ed. § 679), it is said: " Entries in the books of a corporation of private pecuniary transactions with a stockholder are not admissible against him, especially when it does not appear by whom the entries were made." (See also 2 Waterman on Corporations, 646.) In *Hager* v. *Cleveland* (36 Md. 476), in an action by a creditor of a manufacturing corporation against a stockholder to enforce his individual liability for a debt contracted by the company, it was held that the books of the corporation relating to its private transactions were not admissible in evidence. In *Hill* v. *Manchester, etc., Water Works Co.* (5 B. & Adol. 866), by a clause in the charter of the defendant, it was enacted that its clerks should, in a book provided by the company, keep an account of all acts, proceedings and transactions of the company, and that every proprietor should have liberty to inspect the same and take copies of the entries; and it was held that entries of the proceedings in the books thus kept by the clerk were not admissible in evidence on behalf of the company against one of their own members suing them. DENMAN, Ch. J., writing the opinion and speaking of certain facts to be proved, said: " These points of fact,

however, could only be established by the books kept by
the clerk of the company ; and the question now to be
decided is whether they are evidence against the plaintiff.
It is argued that they were because he was a proprietor,
and the books of a partnership are evidence against any one
of the partners, and more particularly as the act requires
such books of the proceedings to be kept, and that all the
proprietors shall have free access to them at all reason-
able times.   We are, however, of opinion that the principle
on which partnership books are evidence against the part-
ners, is that they are the acts and declarations of such part-
ners, being kept by themselves or by their authority, by
their servants and under their direction and superintendence.
But the clerk of the company, once appointed, is subject to
the control of no individual member, and the free access pro-
vided for is only for the purpose of inspection.   A proprietor
entering into a contract with the company must be deemed a
stranger, and can be affected by no entry made under orders
from the entire body."   In *Haynes* v. *Brown* (36 N. H. 545),
the action was by a creditor of a corporation to recover against
a stockholder, and it was held that the books of the corpora-
tion were not admissible against a member of the company as
evidence of his private transactions or dealings with the com-
pany, and that in respect to them he was to be regarded as a
stranger.   That case has been frequently cited by text writers
and judges, and its authority for the rule thus announced has
never been questioned, so far as we can discover.   In *Che-
nango Bridge Co.* v. *Lewis* (63 Barb. 111), it was held that
the books of a bridge company, proved by its treasurer to have
been received by him as the company books upon his accession
to the office, containing an account of the tolls received for
the bridge for several years previous to that time, were not
admissible as against the defendant, a stockholder of the com-
pany, to prove the amount of the tolls received during that
period, without the necessary and preliminary proof as to such
tolls ; but that such books proved by its treasurer to have been
kept by him and to contain correct entries of tolls, as given to

him by the toll gatherer, coupled with the proof by the toll gatherer that he had made correct returns of the tolls received by him, were admissible, because proved by the treasurer who kept them. (See also *Olney* v. *Chadsey*, 7 R. J. 224; *Wheeler* v. *Walker*, 45 N. H. 355.) In *Pearsall* v. *Western Union Telegraph Co.* (124 N. Y. 256), the plaintiff was a stockholder of the defendant and brought the action to recover damages against the defendant for not properly transmitting a message, and it was offered to be proved in defense of the action that the board of directors had adopted a resolution that it would not be liable for mistakes or delays in the transmission or delivery of unrepeated messages, and would not be liable for damages arising from delays in the transmission or delivery of a repeated message beyond an amount specified, and it was insisted that a shareholder was chargeable with notice of this resolution. The resolution was excluded, and the defendant excepted, and it was held that in this there was no error; that a shareholder in a corporation is not chargeable with constructive notice of resolutions adopted by the board of directors, or by provisions in the by-laws regulating the mode in which its business shall be transacted with its customers, and that the plaintiff's rights arising out of defendant's contract to transmit the message were in no wise limited by its regulations or by-laws not brought to his knowledge. That case is ample authority to show that the defendant in this case was not chargeable with knowledge of the entries made in the books of this company, and that such books were not competent evidence against him of such entries. The principle at the foundation of that decision, is that the business transactions of a corporation with its members are on the same footing as its transactions with strangers, and that the business entries in the books of a corporation are no more evidence against the members than they are against strangers.

After a careful consideration of all the cases which have come to our attention we can perceive no principle upon which the account-books of a corporation can be evidence against a member of the corporation of the accounts and entries therein

made in a suit brought by the corporation or its representatives against him to enforce his liability upon such account. The officers and book-keepers of a corporation are in no sense his agents. Individually he has no control over their acts, and has no responsibility therefor ; and in making the entries they do not, in any legal sense, represent or bind him. As to the competency of such books, directors and stockholders of a corporation stand upon the same footing. It is quite true that a director stands in a more favorable position to know what is going on within the corporation and to be more familiar with its books in some cases than a stockholder. He has the right to inspect the books of the corporation, and so has a stockholder. A stockholder having the ability is just as able to become familiar with the contents of the books of a corporation to which he belongs as a director ; and there is no principle of law by which a director can be charged with knowledge of the entries in the books of a corporation which is not equally applicable to its stockholders. It is frequently easier to charge a director with knowledge of the books than it is to charge a stockholder, because he usually has an active part in the management of the corporation ; but, as a general rule, many directors in corporations are just as ignorant, and necessarily so, of the particular accounts contained in its books as stockholders are. It would be quite a dangerous and, we think, startling proposition to hold that a clerk or other officer in a business corporation could enter charges in its books of account against a director or stockholder which could be proved in favor of the corporation by the mere production of the books, thus throwing upon him, or his personal representatives after his death, the burden of explaining the entries or showing them to be untrue, and we believe the doctrine has no support in principle or authority. A corporation seeking to enforce a claim against one of its directors or stockholders must establish it by the application of the same rules of evidence which are applied in an action brought by an individual to enforce a claim against any defendant.

It was admitted on the argument of this case that the evi-

dence furnished by the account-books was vital to the plaintiff's case, and we, therefore, do not deem it important to examine the other points zealously and ably argued before us.

For the error pointed out the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.