WILLIAM E. D. STOKES, Respondent, *v.* EDWARD S. STOKES, Appellant, Impleaded with Others.

*Reference in an action for misconduct of corporate officers — not ordered prior to adjudication of misconduct — proceeding under an intermediate order — not a waiver of the right to appeal — time to appeal therefrom.*

If the object of an action is to compel the officers of a corporation to account for official misconduct, and not to procure the examination of a long account, a reference cannot be ordered to take and state an account between the defendants and the corporation of which they are officers, until there is some proof to sustain the allegations that there has been some official misconduct and a determination to that effect has been reached by the trial judge and is put into the form of an interlocutory judgment directing an accounting.

Under the Code of Civil Procedure a party may proceed under an intermediate order and wait until the judgment is entered before appealing therefrom. The right to appeal from the intermediate order is not waived by proceeding under it, but continues until the entry of judgment in the action and the expiration of the time to appeal from the same. (FOLLETT, J., dissenting.)

Where a party to an action has proceeded under an order of reference, and the order of reference is thereafter materially amended by the court, and in consequence of such amendment an appeal is then taken from the order of reference as amended, the party taking the appeal refusing to go on before the referee

under the amended order of reference, it cannot be said that by proceeding under the original order of reference he waived his right to appeal from the order of reference as amended. (FOLLETT, J., dissenting.)

APPEAL by the defendant Edward S. Stokes from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of June, 1894, referring the action to a referee to take and state an account between the defendant Edward S. Stokes and a corporation of which he was an officer, and also from such order, as amended by an order made at the New York Special Term, and entered in said clerk's office on the 30th day of November, 1894, and also from said order entered on the 30th day of November, 1894, amending said order entered on the 20th day of June, 1894.

*John J. Adams,* for the appellant.

*Frank H. Platt,* for the respondent.

VAN BRUNT, P. J. :

This action is brought under section 1781 of the Code of Civil Procedure to compel the defendants to " account for their official conduct in the management and disposition of the funds and property of the corporation, ' the Hoffman House,' committed to their charge as directors, officers and trustees, and return the account books and papers and checks of the defendant corporation." The complaint charges that " the defendants * * * have had since its organization and now hold the control of said corporation, and have been guilty of official misconduct therein and in the management and disposition of its funds and property committed to their charge, and that the said defendant Stokes has wrongfully acquired to himself and transferred to others money and property of the corporation, and has lost or wasted the same, with the knowledge and concurrence or acquiescence " of certain of the other defendants named. Upon the trial, after a certain amount of evidence was taken, the learned trial judge, without having reached any conclusion upon the question of whether the defendant Stokes or the other defendants had been guilty of fraud, neglect, violation of law or other misconduct as charged, made an order appointing a referee to take and state an account of certain transactions had by the defendant Stokes with

FIRST DEPARTMENT, MAY TERM, 1895.   [Vol. 87.

the defendant corporation, the Hoffman House, which appear upon the books of the corporation in three accounts, the referee being directed, among other things, " to state and report any special cir-. cumstances, as well as his reasons for allowing or disallowing any claim or allowances that may be claimed by either party." The parties proceeded before the referee, and after certain testimony was taken, an application was made for an amendment of the order of reference, directing an accounting by the defendant Stokes of all the dealings and transactions between himself and the Hoffman House, and directing him to produce the books and papers of the corporation and deliver them to the referee. Thereupon this appeal was taken from both orders.

We can find no authority for the orders made. The object of this action was to compel the defendant officers to account for official misconduct, and not for the examination of a long account, and the latter could not be ordered until there was some proof to sustain the allegations that there had been some official misconduct and a determination to that effect is reached by the trial judge and put in the form of an interlocutory judgment directing the account. The issue here presented was as to whether the defendants, or one of them, Stokes, had been guilty of official misconduct. Without, however, reaching any determination upon this question, the trial judge, as already stated, appointed a referee. For such practice we can find no authority either under section 1013 or section 1015 of the Code of Civil Procedure, which are the sections showing in what actions and under what circumstances references may be ordered. (See cases cited in Judge FOLLETT's opinion.)

The claim is made that there has been a waiver of the right to appeal by reason of the fact that the appellant went on before the referee, and several authorities are cited to sustain this proposition. An examination of these cases will show that they arose under the old Code, and have no application to the condition of the law as it now exists. Section 1316 of the present Code of Civil Procedure is as follows : " An appeal taken from a final judgment brings up for review an interlocutory judgment or an intermediate order which is specified in the notice of appeal, and necessarily affects the final judgment, and which has not already been reviewed, upon a separate appeal therefrom, by the court or the term of the court, to

which the appeal from the final judgment is taken. The right. to review an interlocutory judgment, or an intermediate order, as prescribed in this section, is not affected by the expiration of the time within which a separate appeal therefrom might have been taken."

Under the old Code there was no authority to review an intermediate order upon the appeal from a judgment. Such practice was introduced by the new Code, with certainly no good results, but it still exists and must be considered. A party may now go on under an intermediate order and wait until the judgment is entered in order to review the same. There can be, therefore, no waiver of a right to appeal from such intermediate order by going on under it. In the case at bar the party did not waive his right to appeal by going on, because that exists until the entry of judgment, and the expiration of his right to appeal from the judgment.

Furthermore, the right to appeal from the last order entered was not waived, if it could be waived by going on before the referee, because the original order was materially amended, and then an appeal was taken from the order as amended in consequence of such amendment. The party refused to go on before the referee under the amended order of reference, and it is difficult to see how, because he proceeded under the original order of reference, and was content and willing so to do, when the court amended the order, such procedure waived his right to appeal from the order as so amended.

It seems to me that, it being conceded that the court had no power to make the orders of reference in question as against the consent of the defendants, the right to review such orders has not been impaired by any of the proceedings of the defendant.

The orders should be reversed, with costs.

O'BRIEN, J., concurred.

FOLLETT, J. (dissenting):

This action was begun December 28, 1892, by a stockholder in behalf of himself and of other stockholders against the Hoffman House (a corporation) and its officers for an accounting as to their conduct in the management of the business of the corporation and the possession of its fund and property. The Hoffman House was incorporated August 18, 1890, under the laws of New Jersey, with

a capital stock of $750,000, divided into 2,500 shares of eight per cent preferred cumulative stock of $100 each, and 5,000 shares of common stock of $100 each. The plaintiff and Edward S. Stokes, one of the defendants, are the principal owners of the shares.

It is alleged in the complaint that the individual defendants have mismanaged the affairs of the corporation and misappropriated its funds, and a judgment is prayed for that the defendants be required to account and pay to the corporation all money and the value of the property which they have acquired, transferred, lost or wasted by fraud and negligence. Also that all alienations of property contrary to law be set aside; that a receiver be appointed of the funds of the corporation and the individual defendants restrained from acting as directors or officers thereof. All of the defendants answered, denying that the affairs of the corporation had been mismanaged. The Hoffman House and Edward S. Stokes answered separately and the other defendants jointly, the same attorney appearing for all of the defendants. Upon the issues so joined the action came on for trial May 25, 1894, at a Special Term, all of the parties appearing. Evidence was given in behalf of all of the litigants, and at the close the defendants moved that the complaint be dismissed, no grounds being stated. The motion was denied and an exception taken, and thereupon the following order, except the italicised paragraphs, was granted and entered on the day of its date:

"At a Special Term of the Supreme Court of the State of New York, held at the County Court House in the city of New York on the 20th day of June, 1894.

*Present* — Hon. GEORGE L. INGRAHAM, Justice.

"Title of cause.                                        Order.

"This being an action brought by the plaintiff as a stockholder and a creditor of the Hoffman House against the defendant, and proofs on the part of the plaintiff having been taken, and proofs having been taken on the part of the defendants, and it appearing that the defendant Edward S. Stokes has had certain transactions with the corporation, which appear upon the books of said corporation in three accounts therein, known as the 'Edward S. Stokes Account,' the 'Fenwick Hall Account' and the 'Yacht Account,' and it appearing that the taking of an account of the transactions

embraced in the said three accounts is necessary for the information of the court before a final judgment herein may be decreed and entered, it is, on motion of Holmes & Adams, attorneys for the plaintiff,

"*Ordered*, that it be referred to Middleton S. Burrill, Esq., as referee.

"*First*. To take and state an account of all and singular the dealings and transactions between the said Edward S. Stokes and the said Hoffman House embraced in the said three accounts. *And also any other sum or sums of money that have been received by the said Edward S. Stokes from the defendant corporation, the Hoffman House, or paid by the Hoffman House on account of said Edward S. Stokes.*

"*Second*. That the said referee shall, in taking and stating said account, make all just allowances to the said Edward S. Stokes for any just claims or demands that he may have against the said Hoffman House, and also any not appearing in said three accounts.

"*Third*. That said referee shall report what sums, if any, shall appear to be due from the said Edward S. Stokes to the Hoffman House, or from the said Hoffman House to the said Edward S. Stokes, and said referee is at liberty to state and report any special circumstances, as well as his reasons for allowing or disallowing any claim or allowances that may be claimed by either party. And it is further

"*Ordered*, that the question of costs, as well as all other questions, be reserved until the coming in of the report of the said referee and the hearing thereon. And it is further

"*Ordered*, that either of the parties, plaintiff or defendants, have liberty to apply to the court for a further order or direction in the premises, as he or they may be ordered.

"*Ordered*, * * * *that the defendant Edward S. Stokes produce and file with the referee appointed by said interlocutory decree of June* 20, 1894, *all books of account in his possession or under his control relating to the business of the said corporation, the Hoffman House, and leave the same in the custody of the referee for such times and under such terms as the referee may direct.*"

On the 8th of October, 1894, all the parties appeared before the referee, and a hearing under the order was begun without any

objection being interposed by any of the parties, and was continued without objection from day to day until November 23, 1894. On the 26th of November, 1894, the referee made the following report:

" I, Middleton S. Burrill, the referee, to whom it was referred by the interlocutory judgment herein, dated the 20th day of June, 1894, to take and state an account between the defendant Edward S. Stokes and the Hoffman House, do hereby report and certify that, pursuant to the said judgment, I proceeded to a hearing of the matter so referred, at my office in the city of New York, on October 8, November 14, November 19th and November 23rd, 1894, and on all of such hearings the plaintiff appeared and attended by his attorneys, Messrs. Tracy, Boardman & Platt, and the defendant Edward S. Stokes by his attorney John J. Adams, Esq. Pursuant to my direction, contained in the minutes of the hearing of October 8th, 1894, the defendant Edward S. Stokes did file an account, and the plaintiff filed objection thereto, both of which are now on file with me. At the hearings of November 14, 19 and 23 the defendant was examined upon said account by counsel for the plaintiff. At the hearing of November 23, 1894, the defendant had present in his custody and possession the books and papers mentioned in the proceedings of that date, and I then ordered him to deposit such books and papers with me, as referee, for inspection by the plaintiff's attorneys, which he refused to do by the direction and advice of his attorney, John J. Adams, Esq.

" I further certify that the annexed is a true copy of the record of the proceedings before me upon such hearings.

" Dated NEW YORK, *November* 26, 1894.

" (Sgd.) MIDDLETON S. BURRILL,
                                        " *Referee.*"

Annexed to this report is the evidence taken before him. On this report and on all the papers and proceedings in the action an order to show cause was granted on the application of the plaintiff, on the return of which (November 30, 1894) the order of June 20, 1894, was amended by adding thereto the italicised paragraphs. January 25, 1895, Edward S. Stokes appealed from both orders, the other defendants not appealing.

At the close of the trial before the Special Term any one of the

litigants had the right to require the court to determine the issues involved in the trial. The parties were entitled to a decision (Code Civ. Proc. § 1022; *Wood* v. *Lary,* 124 N. Y. 83) and to an interlocutory judgment to be entered thereon deciding whether a cause of action had been established and a case for an accounting made out. But no decision was made, no interlocutory judgment was entered, and nothing was done except to enter the order, which determines no issue. In the proceedings had after entry of the order it is called an "interlocutory judgment" and an "interlocutory decree," but it is neither, for it adjudges and determines no issue, simply appoints a referee with certain powers. On the argument it was intimated that there had been a mistrial, and that the orders would have to be reversed. (*Doyle* v. *Metropolitan E. R. Co.,* 136 N. Y. 505; *Farmers' Natl. Bank* v. *Houston,* 44 Hun, 567; *Griffin* v. *Cranston,* 1 Bosw. 281; 5 id. 658; Const. art. 6, § 8; Const. 1894, art. 6, § 3.) But the attention of the court was not then called to the fact that after the entry of the order of June 20, 1894, all parties appeared before the referee and for several days engaged in taking the evidence without any objection being raised to that mode of trial. No objection was raised to trying the matter under the order of reference until the referee ordered Edward S. Stokes to permit the plaintiff to examine the books of the corporation, and then the appellant raised no objection to the mode of trial, but after the order was so amended that he was required to produce the books, this appeal was taken.

The appellant by voluntarily going to trial before the referee, without objection, waived his right to appeal from, or to move to vacate the order of reference. (*Ubsdell* v. *Root,* 1 Hilt. 173; *Porter* v. *Parmly,* 6 J. & S. 490; *Grunberg* v. *Blumenlahl,* 66 How. Pr. 62; *Brady* v. *Donnelly,* 1 N. Y. 126; *Baird* v. *The Mayor,* 74 id. 382.) The defendant could not go on under the order before the referee as long as he was satisfied with his rulings, and, when dissatisfied, object to that mode of trial, and then appeal from the order.

A question of waiver of the right to appeal can never arise after the time to appeal has run, because the expiration of the time is an end of the matter; but a litigant may waive his right though his time to appeal has not run, and once waived it is gone forever, and the waiver cannot be revoked by appealing within the time allowed by statute.

A reference to take and state an account as between a corporation and its officer, who has kept and has possession of its books, of necessity requires the officer to produce the books, and the express command introduced into this order by the amendment of November 30, 1894, added nothing to the force or effect of the original order.

The provision of section 3 of article 6 of the Constitution, that " the testimony in equity cases shall be taken in like manner as in cases at law," does not prevent litigants, by express stipulation or by acquiescence with the assent of the court, from taking the evidence in such a case before a referee, and thereafter submitting it to the court as the evidence therein.

The orders should be affirmed, with costs.

Orders reversed, with costs.