WILLIAM E. D. STOKES, Respondent, *v.* EDWARD S. STOKES, Appellant, Impleaded with Others.

*Corporation — action by a stockholder or creditor to compel its officers to account for their official conduct — misconduct must be established — officer entitled to repayment of advances — admissibility of both sides of the account books of the corporation.*

Where an action is brought by a stockholder or a creditor of a corporation, under section 1781 of the Code of Civil Procedure, to compel the defendants to account for their official conduct in the management and disposition of the funds and property of the corporation, the defendants cannot be ordered to account until proof has been made and a determination has been reached that there has been official misconduct upon their part.

The fact that the books of the corporation show that a defendant, an officer of the corporation, is indebted to it for moneys received from it to his own use, does not justify the court in such an action in directing such defendant to account.

The gist of such an action is not the debt, but the fact of official misconduct, and unless that is found the court has no power to proceed further in the action and direct an accounting. FOLLETT, J., dissenting.

Where moneys are advanced to a corporation by one of its officers, it is not wrongful for the person making such advances to withdraw from the corporation, when its treasury will permit, enough money to reimburse himself, and such a transaction does not expose the officer to an action for misconduct.

Assuming that, in such an action, the books of account of a corporation are *per se* competent evidence to establish the liability of an officer to it for money loaned, both sides of the account must be considered in determining the question whether the officer is a debtor or creditor to the corporation.

APPEAL by the defendant, Edward S. Stokes, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of July, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

*John J. Adams*, for the appellant.

*Frank H. Platt*, for the respondent.

O'BRIEN, J.:

The complaint charges "that the defendants, Stokes, Foote, Cornwell and Cornish, have had since its organization, and now hold, the control of said corporation (the Hoffman House), and have

been guilty of official misconduct therein, and in the management and disposition of its funds and property committed to their charge, and that the said defendant Stokes has wrongfully acquired to himself and transferred to others money and property of the corporation, and has lost or wasted the same with the knowledge and concurrence or acquiescence of" the defendants. From the complaint as construed in the former opinion of this court (87 Hun, 152, 154), and by the concession of the respondent, it is clear, to quote from the opinion, that "the object of this action was to compel the defendant officers to account for official misconduct and not for the examination of a long account, and the latter could not be ordered until there was some proof to sustain the allegations that there had been some official misconduct and a determination to that effect is reached by the trial judge and put in the form of an interlocutory judgment directing the account. The issue here presented was as to whether the defendants or one of them, Stokes, had been guilty of official misconduct. Without, however, reaching any determination upon this question, the trial judge, as already stated, appointed a referee. For such practice we can find no authority." And the orders directing a reference upon the ground that the object of the action was to procure the examination of a long account were reversed. Thereupon the plaintiff, without any additional testimony being taken or proceedings had, obtained a decision, among other things, "that said corporation (the Hoffman House), being under the control of said Edward S. Stokes as an officer and director thereof, he received to his own use funds of said corporation, as appears by three accounts on the books of account of said corporation entitled respectively 'The E. S. Stokes Account,' 'The E. S. Stokes Yacht Account,' and 'The Fenwick Hall Account.'" And thereafter an interlocutory judgment was entered directing a reference to take and state an account of the dealings and transactions between the said Stokes and said corporation on said three accounts.

This decision eliminates any and all questions of fraud or misconduct on the part of the defendant Stokes, and does not find that any of the specific charges of misconduct alleged in the complaint are sustained; but the ground upon which the issues were decided is the fact of the existence of the three accounts mentioned in the

books of the corporation, and that, as these show a debit balance against the defendant Stokes, accordingly he must have received moneys to that extent to his own use from the corporation, and should, therefore, account for all his dealings and transactions appearing in such accounts.

We held on the former appeal that the action was brought "under section 1781 of the Code of Civil Procedure to compel the defendants to account for their official conduct in the management and disposition of the funds and property of the corporation," and, as shown by the provisions of such section and our former opinion, its object "was to compel the defendant officers to account for official misconduct and not for the examination of a long account." The issues in such an action do not concern or affect the defendant Stokes as a debtor unless such debt was caused by official misconduct or fraud on his part. That the learned trial judge did not find fraud or official misconduct appears not only from his decision but also from his opinion, wherein he says : " When an officer of a corporation makes the corporation his banker, as it were, where he draws on the corporation, managing the corporation as its officer, and at the same time allowing the corporation to occupy the position of a banker, it seems to me the corporation has a right at the termination of the ⌐elation to come and say, we want an account taken of our relation between us, as an officer of the corporation and our president, and as a depositor who has occupied that relation. There is no objection to such a relation existing that I know of — no reason why an officer of the corporation, if the corporation has a mind to act in that position, there is no reason why he should not do it ; but I think he puts himself in the position of having the corporation come and say, we want our accounts as between us settled. I don't see why that is not so. If an officer occupies that position, I don't see why the corporation has not a right to come in and say, we want a regular accounting between our president and ourselves, the corporation. * * * I don't want to be understood as saying there is the slightest impropriety in it, but there were money transactions between Mr. Stokes and the corporation. Very likely it was necessary, to carry on the business of the corporation, that it should be so — I don't know anything about that ; it is not necessary to determine that one way or the other, but he had money transactions

between himself and the corporation; he was the corporation's agent, he was the corporation's trustee, and it seems to me that, occupying that relation, the corporation has a right to come in and ask to have the account settled in the usual way."

Were this a mere action for an accounting these views might be controlling; but we think now, as we did upon the former appeal, that the learned judge has misconceived the nature of this action, which, brought as it is by the plaintiff in his capacity either of stockholder or creditor on behalf of the corporation itself, is made to depend upon the official conduct of the defendants, and this involves issues of fraud, misconduct, willful neglect or other willful culpability of the defendants. The defendant Stokes was justified in concluding that the action was not one intended to hold him as a debtor on an account which ran on the books of the corporation, but to show that his official conduct as a director had been willfully corrupt, and that he had been guilty of gross misconduct in his office as president and trustee of the corporation. Had this been an action to recover a debt on the balance of an account, the pleadings and the issues would necessarily be different, and the appellant would have had the opportunity of showing, if he could, as he claimed to be able to do, that the corporation at the time the action was commenced was indebted to him. As said, however, he was not sued upon, nor was the issue presented to him, of an indebtedness; but he was charged with having fraudulently converted the property of the corporation to his own use. And such charges not having been sustained in the opinion of the trial judge, there is no proper basis for the judgment directing the defendant to account. The plaintiff realized the burden thus placed upon him, and to support the charges in his complaint he introduced a voluminous correspondence replete with charges of official misconduct, and upon the trial selected certain portions of this correspondence with a view to proving that the accounts were in some respects fictitious and fraudulent, and that certain money taken from the corporation had not been entered upon its books. It is unnecessary for us to refer to the evidence upon these points in view of the conclusion of the trial judge that such evidence failed to establish fraud or other misconduct, his opinion and decision showing clearly that he assumed that the existence of these accounts on the books of the corporation

between the defendant Stokes and the corporation, of themselves was sufficient to require the defendant Stokes to account for all transactions thus appearing.

With respect to such accounts — and upon their competency and probative force this decision must rest — although the case of *Rudd* v. *Robinson* (126 N. Y. 113) is authority for the proposition that in an action by the receiver of a corporation against one of its directors to recover for money and property alleged to have been improperly appropriated, the books of account of the corporation are not *per se* competent evidence to establish a liability; but assuming, from the additional fact which appears in this case that the defendant Stokes had knowledge of the existence of such accounts in the books of the corporation, that this fact made them competent evidence against him, we have still to consider what was the result and effect of such evidence. It appears that the personal account of the defendant Stokes was commenced with a cash credit of $35,000; and while during different periods this amount was lessened by withdrawals until at times there was a debit balance against him, it yet appears that at the time the action was brought there was in such account a credit balance in his favor. The plaintiff, for the purpose of proving the withdrawal of moneys or property of the corporation, attempted to introduce but one side of the account, namely, the debit side; but the learned trial judge, upon the other side being offered by the appellant, correctly held that if either then both sides of the accounts were admissible, which, therefore, went in together, showing the results already outlined. The effort to falsify these accounts as made by the plaintiff was not in the opinion of the judge below successful. With respect to the suggestion, therefore, that the debit side of the account furnishes evidence that the defendant Stokes has funds of the corporation in his hands, the answer is, that the credit side of the account shows that he has not only accounted for, and returned them to the corporation, but in addition has something in his favor.

So we are brought back again to the proposition with which we started, as to whether or not the mere fact that a director or officer has transactions with the corporation, appearing on the books, which show at the time the action was brought a credit balance, the cor-

rectness of which accounts is not successfully assailed, can be made the basis for a decision and an interlocutory judgment directing an accounting by such officer in an action brought as this is under section 1781 of the Code to compel such officer and director to account for his official misconduct. The conclusion reached that such evidence was sufficient is equivalent to a finding that an officer and director who has any transactions with the corporation can be proceeded against for official misconduct under section 1781 of the Code. We have been referred to no authority which supports this proposition, nor do we think any case has gone so far as to hold that there is any such penalty attached to or involved in a transaction carried on between an officer and director of a corporation and the corporation itself. We know from common experience, and must, therefore, take notice of the fact, that it does frequently happen that the affairs of corporations require at times the advancement of sums of money by such officers which are clearly for the benefit of the corporation. Where such moneys are advanced it is not wrongful for the person making such advances to withdraw from the corporation when its treasury will permit enough to reimburse him therefor, and such transactions we do not think would expose the officer or director occupying such a relation to the corporation to a successful action being maintained against him for misconduct.

In this, as in all other actions, the judgment should be "*secundum allegata et probata.*" Here, however, while the allegations charge fraud, violation of duty and gross misconduct, the trial judge finds that such allegations or charges are not sustained, but nevertheless renders a judgment subjecting the defendant Stokes to the same penalties and burdens as would be entailed had they been sustained by competent proof. If these accounts in the books of the corporation are competent evidence in favor of the corporation as against the defendant Stokes, we fail to see why they are not equally good in his favor as against the corporation, assuming as we do from the conclusion reached by the learned trial judge that the correctness of these accounts has not been successfully assailed, and that his conclusion has been derived, not from the fact that there was any fraud or deceit or falsity in the accounts themselves, but that the transactions, being those between an officer and a corporation, entitled the latter

to an accounting, notwithstanding a comparison of the debit and credit sides of such accounts would show at the time the action was brought, and as is now made to appear by the accounts filed, a large credit balance in favor of the defendant.

We think now, as we did upon the former appeal, that as this action, brought under section 1781 of the Code, is "to compel the defendant officers to account for official misconduct, and not for the examination of a long account," the latter could not be ordered " until there was some proof to sustain the allegations that there had been some official misconduct and a determination to that effect is reached by the trial judge." The absence of such a determination is, we think, fatal to the judgment, which should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., concurred.

FOLLETT, J. (dissenting):

This case has been once before this court, and for a statement of the facts and the relief sought reference is made to 87 Hun, 152. Since that decision the case has been again submitted to the Special Term, and a decision signed and an interlocutory judgment entered, from which this appeal is taken. In the decision filed the court found as follows: " The court states the grounds of its decision to be, that the plaintiff, William E. D. Stokes, is a stockholder of the said corporation, as alleged in the complaint; that the relations of said Edward S. Stokes to said corporation were such that an application by the plaintiff to the board of directors of said corporation to bring an action against said corporation were futile and unnecessary; that said corporation being under the control of said Edward S. Stokes as an officer and director thereof, he received to his own use funds of said corporation, as appears by three accounts on the books of account of said corporation entitled, respectively, ' The E. S. Stokes Account,' ' The E. S. Stokes Yacht Account,' and ' The Fenwick Hall Account.' "

These facts and those admitted in the pleadings are sufficient to entitle the plaintiff to maintain this action, and are quite sufficient to sustain the interlocutory judgment, which simply directs the defendant Stokes to account for such moneys as he has received,

belonging to the corporation of which he is an officer. (*Brincker-hoff* v. *Bostwick*, 88 N. Y. 52.) The learned counsel for the appellant urges that because the conduct of his client in receiving to his own use the funds of the corporation is not characterized by the trial court as fraudulent, the interlocutory judgment cannot be sustained. This position is not tenable, for if the appellant has money in his hands belonging to the corporation, which he received as an officer, and which he is unwilling to pay over, as he seems to be, he is liable to account therefor, and it is quite immaterial whether or not he acquired it fraudulently.

On the trial the defendants showed by oral evidence that receivers for the Hoffman House had been appointed by the Court of Chancery of the State of New Jersey, and offered in evidence the order of that court appointing the receivers, which was rejected on the ground that the defect of parties had not been pleaded. Not having pleaded that there was a defect of parties the defendants must be held to have waived the objection. (Code Civ. Proc. § 499.) The sums recovered in this action will be paid into the treasury of the corporation and will eventually reach the hands of the receivers unless they have been or shall be discharged. Should the receivers desire to be admitted as parties to the action, they undoubtedly would be upon their own application, but the defendants, by neglecting to raise the objection by answer, have lost their right now to do so.

No question relating to the reception or rejection of evidence is argued, excepting the one considered, and believing that the judgment is right it should be affirmed, with costs.

Judgment reversed, new trial ordered, costs to appellant to abide event.