Per Curiam.

The motion for a new trial and a motion in arrest of judgment were argued together, but as the court are in *158 favour of the flrst motion, it is unnecessary, at present, to express an opinion upon the second.
The plaintiffs were bound to prove, upon the trial, the aver~ ments in their declaration, a~nd if the book of minutes which was introduced had been legally authenticated, it would have contained the requisite proof of those averments. The general rule is, (and it is a rule of evidence essential' to public convenience,) that corporation books are evidence of the proceedings of the corporation, but then it must appear that they are the corporation books, and that they have been kept as such, and the entries made by the proper- officer,' or some other person in his necessary absence. (King v. Mothersell, 1 Stra. 93. 12 Vin. tit. Ev. 90. pl. 16. 2 Camp. N. P. 101.) In this case there was no legal evidence of the authenticity of the book, as being the minutes of the company, or that it had been regularly kept as such, by the proper officer. The whole evidence consisted of the fact that the book was in the handwriting of one Howland, who appeared, from the entries in the book (but in no other way) to have been secretary to the board. Unless, then, the book be considered as proving itself, there was no proof of its being the book it purported to be.
The motion for a new trial is accordingly granted, with costs to abide the event of the suit.
New trial granted.

 1 Caines Rep. 881.