[No. 3,468.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* EUREKA LAKE AND YUBA CANAL COMPANY CONSOLIDATED, AND CERTAIN REAL ESTATE, CONSISTING OF WATER DITCHES, SAWMILL AND MINING CLAIMS.

SIGNING RECORDS OF A CORPORATE BOARD.—The general rule, that every public document which is required by law to be executed by a public officer must be verified by his official signature, does not extend to the proof of the records of a corporate board which exercises powers municipal and *quasi* legislative.

IDEM.—The Chairman and Clerk of the Corporate Board, exercising powers municipal and *quasi* legislative, sign the record of its proceedings, not as certifying to their own official action, but as witnesses that the record is the record made up by the Clerk, under the direction of the Board.

SIGNING RECORDS OF A BOARD OF SUPERVISORS.—The statute requiring the Chairman and Clerk of a Board of Supervisors to sign the record of its proceedings, does not invalidate such record as proof of the action of the Board if the Clerk and Chairman fail to sign, but has the effect merely of putting the party who desires to prove the official action of the Board to some additional trouble in establishing the handwriting of the entries, their cotemporaneous character, and the official custody from which the book was produced.

IDEM.—The effect of the statute requiring the Clerk and Chairman of the Board of Supervisors to sign the record of its proceedings, is merely to make their signatures evidence identifying the minutes.

SIGNING RECORD OF LEVY OF A TAX.—A tax is not void, because the record of the Board of Supervisors in levying it is not signed by the Chairman and Clerk of the Board.

RETURN OF ASSESSMENT ROLL BY ASSESSOR.—The statute requiring the Assessor to return the assessment roll to the Clerk, prior to the first Monday in August, is directory merely; and the failure of the Assessor to return it before that time, is a matter of which the taxpayer cannot complain.

CERTIFYING TO ASSESSMENT ROLL BY ASSESSOR.—The Assessor may certify to the assessment roll after it has been returned to the Clerk, and after the first Monday in August, for he does not 'lose control of the assessment roll until it has been both certified and returned to the Clerk.

ACTION to recover from the defendant three thousand nine hundred and eighty-seven dollars, being the State and County Tax levied for the fiscal year 1871, and special school taxes in several school districts in the County of Nevada, in which the property of the defendant was situated. The real estate was fully described in the complaint, and the Court was asked to enforce a lien on it for the tax. The answer, among other defenses, denied the levy of a tax, and set up, that if the Board of Supervisors ever attempted to levy a tax, no record of the levy was made up and signed by the Chairman and Clerk, and that no assessment roll was certified or authenticated by the Assessor.

The Board of Supervisors levied the tax at the time, and in the manner required by the statute, but neither the Chairman of the Board, nor its Clerk, signed the minutes of the Board making such levy. The Court below rendered judgment for the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*Niles Searls,* for the Appellant, argued that, as the statute (2 Hittel, paragraph 6,975), requires the Chairman and Clerk of the Board of Supervisors to sign the record of its proceedings, that the levy of the tax was void, and cited, *Spear* v. *Ditty,* 9 Vermont, 282; Blackwell on Tax, Titles 345-6 and 7; and *The People* v. *McCreery,* 34 Cal. 432.

He also argued that the Assessor having returned the assessment roll to the Clerk without his certificate, the assessment was void, and cited, 2 Hittel, paragraph 6,170; and *People* v. *S. F. Saivngs Union,* 31 Cal. 132; Blackwell on Tax, Titles 106; *Sibley* v. *Smith,* 2 Gibbs° (Mich. R.), 498; and *Colly* v. *Russell,* 3 Greenleaf, 227.

*M. S. Deal* and *J. I. Caldwell*, for the Respondent, argued that the statute requiring the Assessor to return and certify his roll before the first Monday in August was merely directory, and cited, *State of Nevada* v. *Western Union Telegraph Company*, 4 Nevada, 338; and that the same rule applied to the statute requiring the Chairman and Clerk to sign the records of the Board of Supervisors; and cited, *Hill* v. *Wolf*, 28 Iowa, 577; *Hart* v. *Plum*, 14 Cal. 148; and *Rex* v. *Loxdale*, 1 Burr, 455.

By the Court, McKINSTRY, J. :

The sixth section of the "Act to create a Board of Supervisors," etc., (Hittell Gen. L. 6,975) provided: "The Clerk shall keep a full and correct record of all the proceedings of the Board, etc. The record of proceedings shall be signed by the Chairman of the Board and Clerk."

It is objected that the record of the action of the Board, in levying the tax complained of, was not signed by the Chairman or Clerk.

The general rule is well settled that every public document which is required by law to be executed by a public officer, must be verified by the official signature of the person who made it. The rule applies to the execution of all public authorities, where the exercise of the power affects the property of the citizen. The power is reposed in the officer, not in the man; and but for the protection of the law, he would be a trespasser. When he attempts to exercise the power, he must recognize the source from whence he derives it, and perform all acts in the character alone which the law recognizes. (Blackw. Tax Titles, 345-6.)

But the reason of the rule does not extend to the proof of the records of a corporate board which exercises powers municipal, and *quasi* legislative. The action recorded is not the action of the Chairman or Clerk; they sign the minutes not as certifying to their own official action, but as witnesses that the record is the record made by the Clerk under the direction of the Board. To give more effect to their signatures, would be to decide that in the absence of any

provision of the statute requiring the Chairman and Clerk to sign the minutes, and by reason of a common law principle, the minutes could not be introduced in evidence. But the records of the proceedings (when the law does not specially require them to be signed) have always been admitted in evidence, after certain preliminary proof. The statute does not declare that the record shall not be proof of the action of the Board if not signed by the officers named, but the effect is only to make their signatures evidence, identifying the minutes. The failure of the Chairman and Clerk to discharge the particular duty, simply imposed on the party desiring to prove the official action of the Board, some additional trouble, in establishing the handwriting of the entries, their contemporaneous character, and the official custody from which the book was produced.

The third finding of the District Court is: "The Assessor returned his assessment roll to the Clerk of the Board of Supervisors on or before the first Monday in August, but did not attach his certificate thereto until the 18th of September, when he certified to said roll."

If the failure to certify rendered void the action of the officer, it was because the certificate was not made on or before the first Monday in August, not because he delivered the roll to the Clerk before certifying to it. If the roll was certified and delivered on or before the first Monday in August, it could make no difference that the manual delivery preceded the attaching of the certificate. The Assessor did not lose the control of the roll until it was both certified and delivered.

What was the effect of his failure to certify and deliver the assessment roll until the 18th of September? The revenue law (Sec. 42) declares that the Acts therein required between the assessment and commencement of suit shall be deemed directory, merely. And independent of this, the provisions of the statute requiring the Assessor to return his roll to the Clerk prior to a certain date would be construed to be merely directory. (*Hart* v. *Plum*, 14 Cal. 148.) The time prescribed is for the convenience of other officers, who have their duties to perform. It is not a matter of

which the taxpayer can complain; it does not injure him. (*The State* v. *the W. U. T. Co.* 4 Nevada, 344.)

Judgment affirmed. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion.