ROBERT S. POWELL and EUGENE L. BENNETT, Formerly Comprising the Firm of POWELL & BENNETT, Respondents, *v.* DANIEL D. CONOVER, Appellant.

75h 11
52ad499

*Corporation books of account — not per se evidence against a trustee of the corporation.*

The mere fact that a party is a trustee of a corporation does not make him charge-able with actual knowledge of its business transactions and of the entries made on its books, so as to render the books of the corporation *per se* evidence against him.

In an action brought to recover money loaned, the defendant claimed that the loan was not made to him but to a corporation of which he was an officer and of which the plaintiff was a trustee, and offered the books of the corporation in evidence, without having shown by whom they were kept, or that the entries were made at the time of the transaction, or by whose direction they were made, and with-out having given any proof tending to authenticate the books or to warrant an inference that the plaintiff had knowledge of their contents, and after it had been made to appear by the plaintiff's testimony that he never saw or knew of the entries, had never examined the books, and that they were never shown to him. The court refused to admit the books.

*Held,* that in view of the evidence previously adduced, the refusal to admit the books was not erroneous.

APPEAL by the defendant, Daniel D. Conover, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 16th day of May, 1893, upon the verdict of a jury rendered at the New York Circuit, and also from an order entered in said clerk's office on the 2d day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover money alleged to have been loaned to the defendant.

*E. H. Benn,* for the appellant.

*George B. Adams* for the respondents.

PARKER, J.:

The judgment awards to the plaintiffs $954.05, which was neces-sarily founded upon a determination by the jury that plaintiffs had loaned to the defendant the principal of that sum.

It was defendant's contention on the trial that while he received the money from the plaintiffs it was received by him as an officer of a corporation, and that it was understood and intended by plaintiffs and defendant as well, that the loan was made to the corporation and not to the defendant.

Upon the trial, one of the plaintiffs, who represented his firm in making a loan, and the defendant testified, each sharply contradicting the other.

At the close of the testimony no motion to dismiss, or for the direction of a verdict, was made by either side, both the parties assuming that the testimony presented a question for the jury. The case was submitted in a charge by the court, to which no exception was taken, and the jury having rendered a verdict in favor of the plaintiffs, it follows that the judgment must stand unless errors were committed during the trial which call for a reversal.

The only exception to which our attention is called by the appellant was taken to the refusal of the court to admit in evidence the books of the corporation to which the defendant claims the loan was made.

Defendant, before offering the books in evidence, did not show by whom they were kept; furnished no proof that the entries were made at the time of the transactions, nor by whose direction they were made. Indeed, there was an entire absence of proof tending to authenticate the books, or to warrant the inference that plaintiff had actual or was chargeable with constructive knowledge of their contents. While on the other hand it had already been made to appear by the plaintiffs' testimony that he never saw or knew of the entries; had never examined the books, and that they were never shown to him.

How it was that defendant's counsel was induced to be content with a simple offer of the books in evidence is apparent when we read from the record what he said to the court at the time of offering them in evidence. He said: " I offer the books of the company for the purpose of showing that the transaction was a company transaction, and the witness, being a trustee of the company, must have been familiar with the entries in the books of the company." It seems to be clear, therefore, that it was his view that the mere fact that one of the plaintiffs was a trustee of the corporation made him chargeable with

actual knowledge of its business transactions, and of the entries made on its books.

But this is not the rule, and has not been, at least since *Rudd* v. *Robinson* (126 N. Y. 113). The refusal to admit them, therefore, was not, in view of the evidence previously adduced, error.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.

---

EDGAR F. HALE and Another, Appellants, *v.* JOHN B. PROTE and Another, Respondents.

*Attachment — failure to state the ground upon which it is granted.*

An attachment which shows upon its face that it was issued upon the ground that "the defendants *have* disposed of their property, *and are about to* dispose of their property, with intent to cheat and defraud their creditors," is properly vacated for the reason that it does not state the ground upon which it was granted.