## LEONARD et al. v. FABER.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

1. CORPORATIONS—ANNUAL REPORT.

An annual report of a corporation, signed by its president alone, is not a compliance with Stock Corporation Law, § 30, requiring stock corporations to file an annual report, signed by a majority of the directors, and verified by the oath of the president or vice president and the treasurer or secretary, and does not release defendant from his statutory liability, as director, for the corporate debts.

2. SAME—DIRECTORS—STATUTORY LIABILITY—EVIDENCE.

In an action to enforce the statutory liability of a director for the debts of a corporation, for failure to file a report as required by Stock Corporation Law, § 30, the entries in the account books of the corporation are not competent evidence against him to prove the creditor's claim, where it does not appear that he was responsible for such entries, or was familiar with them.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Charles H. Leonard and others against Eberhard Faber. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Charles T. Haviland, for appellant.
D. M. Porter, for respondents.

RUMSEY, J. The action was brought to recover from the defendant the amount of a debt due to the plaintiffs for goods sold by them to the F. J. Kaldenberg Company between the 13th of June, 1892, and the 10th of December, 1892, and while the defendant was a director of the corporation, because the report required by section 30 of the stock corporation law was not filed in January, 1892, nor at any time during that year. The complaint alleged that at various times from the 13th of June until the 10th of December, 1892, the plaintiffs

sold to the Kaldenberg Company merchandise to the value of $448.18, which the Kaldenberg Company agreed to pay, but which it never paid. It appeared upon the trial that on the 29th of January, 1892, what purported to have been an annual report of the Kaldenberg Company was filed in the office of the secretary of state. It was signed by the president, and no one else. No other report was filed until the 31st of January, 1893. It has been decided by this court that a report signed only by a president of a company is not in compliance with section 30 of the stock corporation law, and therefore, in spite of the filing of that report, the trustees are liable, as though no report had been made. Manhattan Co. v. Kaldenberg, 27 App. Div. 31, 50 N. Y. Supp. 265. The same principle is laid down in the case of Shultz v. Chatfield, 17 Misc. Rep. 264, 40 N. Y. Supp. 1081, decided at the special term of this court in Onondaga county, and affirmed by the Fourth department in 12 App. Div. 625, 43 N. Y. Supp. 1164. The fact that the defendant was a director of the corporation while this debt was contracted was sufficiently proved by the minute books of the company, which were clearly competent for that purpose. Blake v. Griswold, 103 N. Y. 439, 9 N. E. 434. But the evidence to establish the debt was not sufficient. The allegation was that between the days mentioned the plaintiffs sold and delivered to the Kaldenberg Company merchandise at the price and agreed value of $448.18. To enable the plaintiffs to recover of the defendant, it was necessary that the sale of these goods should be proved by evidence which was competent against him. Arms Co. v. Barlow, 63 N. Y. 62–72. That proof must be made by showing the actual transaction from which it can be gathered that the goods were actually sold and delivered, and their value, or the price agreed to be paid for them. The question is, then, whether the evidence offered to prove these facts was competent as against the defendant. That evidence was of two kinds: One of the plaintiffs testified that two notes which he presented, and which were proved to represent the balance of the account shown on the books of his firm against the Kaldenberg Company, were given in payment of the account, and that they included $5 interest more than the account. He testifies that his firm sold and delivered goods to the Kaldenberg Company, and that afterwards an account was rendered for that amount. The plaintiffs were bound to show that the goods were sold to the Kaldenberg Company between the 13th of June and the 10th of December, 1892. The notes, which were put in evidence, were dated the 14th and 16th of January, 1893; and it is quite evident that the testimony of the witness as to the sale of the goods for which these notes were given afforded no proof that the goods were sold between the times mentioned. Nor, indeed, did that testimony afford any sufficient proof of the sale of the goods, upon which the plaintiffs could have recovered against the Kaldenberg Company, because nowhere was it stated what was the amount or the price or the value of the goods. Therefore, unless there was other proof, which, taken in connection with this, was sufficient to establish that the goods were sold and delivered between the days named, and that they were of the value claimed by the plaintiffs, they cannot recover. That evidence is said to be furnished by the ledger account of

the company, which was offered in evidence, and received over the exception of the defendant. This ledger account is not printed in the appeal book, and all that we know about it is told in the testimony of the accountant of the company. It is clearly not a book of original entry. It is said that no prices are credited in it, and all that appears is that goods to the amount of $445.15, and $3.03 interest, are credited to the plaintiffs on the ledger between the 14th of June and the 9th of December, 1892. What the goods were, the precise time when they were delivered, their value, or their price, does not appear, and we have no evidence upon these points. The question is whether the entries upon the books of account of the corporation, showing a credit for goods from one with whom it has dealt, are evidence in an action between that person and an officer of the corporation as to facts which might be inferred from an examination of the books, when that officer is not shown to have had access to the books, or any control over the keeping of them. It was said in the case of Arms Co. v. Barlow, 63 N. Y. 62, not only that the evidence to prove a debt of a corporation must be that which is competent against the defendant, but that the admissions of the corporation or a judgment against it would not be evidence against a trustee. They are res inter alios acta. But, when facts are proved which establish the existence of the debt against the corporation, the liability of the trustee follows. The question, then, is, against whom are the entries on the books of the corporation evidence of the facts stated therein? In examining that question, care must be taken to distinguish between those books of a corporation which contain the record of its transactions, such as its stock book and minute books, and other books containing its transactions with third parties, such as are kept by all business men. The books of the first class, wherein are recorded the transactions of the corporation at its meetings, the resolutions adopted, or the election of officers, are evidence of the facts contained in them, whenever those facts are necessary to be proved, no matter whether they are offered in favor of the corporation or against it. 1 Greenl. Ev. § 493; Haynes v. Brown, 36 N. H. 545–567, and cases cited. But there is a distinction between books of that kind and those books which are kept to show the business transactions between the corporation and those with whom it deals. Those books are competent evidence to the same extent as the same class of books of other persons who keep books, and the entries therein, so far as they are admissions by the corporation, are admissible against it to establish the facts thus admitted. But in the last resort such entries are nothing but admissions, and they are evidence simply because they are made against the interest of the corporation. If the books are kept under the direction of an officer of the corporation, or if the circumstances under which they are kept are such that it may be presumed that he is familiar with them, then, because of his acquaintance and familiarity with them and responsibility for them, he may be charged with the entries thus made. But, in the absence of proof of that fact, I see no reason why the books of a corporation, being, as they are, mere admissions against its interest, should be competent as against some other person whom it is sought to charge with a debt of the corporation which is admitted upon those

books. It is quite clear that, had the action been brought by the corporation against the defendant to recover a debt claimed to be due to the corporation, those books would not be evidence against him. Rudd v. Robinson, 126 N. Y. 113, 26 N. E. 1046, 12 L. R. A. 473; Powell v. Conover, 75 Hun, 11, 26 N. Y. Supp. 1028; Ang. Corp. § 679; Whart. Ev. § 662. The principle upon which the cases above cited were decided was that with respect to the books of a corporation, containing entries of its business transactions, members and trustees were on the same footing as strangers, and the books were no more evidence against them than they were against any other person. That principle must be applied in this action, because the defendant here, having no knowledge of the entries upon these books, and no control of them, cannot be prejudiced by the admissions contained in them, however much they may be available to charge the corporation.

The case of Huntington v. Attrill, 118 N. Y. 365, 23 N. E. 544, which is relied upon to show the competency of this evidence, does not decide that the account books of a corporation are competent to establish a debt against a director of the corporation sued upon his statutory liability. It is quite true that it was held that certain books of a company were competent, but the purposes for which they were competent seem to be not very well defined. The judge says, "They may have been competent as bearing upon the question whether the debt in question was the debt of the company;" and the court held further that entries with relation to the fund resulting from the loan which was in question were competent, as showing that the company had the benefit of it, and as bearing upon the disputed question whether it was a debt of the company. But all that is said in this respect is perfectly consistent with the idea that the books which were offered were minute books of the company, containing the records of its proceedings, which tended to show that the action of the manager had been adopted by the directors. There is nothing in the case to show that these books were the account books of the company, or that they were relied upon to establish any fact, except that the debt which was sued on had been adopted by the action of the directors. It is expressly said that the loan of money by plaintiff to the company, which was the debt sued for, had been proved by other evidence than the books. 118 N. Y. 380, 23 N. E. 548. The books were not received for that purpose, which was the only purpose for which they were received in the case at bar. The case is not, therefore, an authority for the plaintiffs. The other cases do not establish the principle for which the plaintiffs contend, and in fact the case of Arms Co. v. Barlow, 63 N. Y. 62, seems to lay down an entirely contradictory rule. In other states the rule seems to be well settled that in actions brought by one who is a creditor of a corporation, to establish a statutory liability against a director or trustee, entries in its books are not competent to establish the debt which is the basis of the action. Hager v. Cleveland, 36 Md. 476; Haynes v. Brown, 36 N. H. 545.

I think that the evidence of these books, therefore, was incompetent; and, as that was necessary to establish the debt by reason of which the plaintiffs sought to recover, the judgment is erroneous,

and must be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur, except VAN BRUNT, P. J., who dissents.

---

ZAITZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

SETTLEMENT BY CLIENT—ATTORNEY'S LIEN—RIGHTS OF OPPOSITE PARTY

Where an insolvent plaintiff, without the knowledge of his attorney, settled an action for personal injuries after issue joined, and executed a general release of his claim, defendant was entitled to plead such release in a supplemental answer, over the objection of such attorney, though the latter had given notice of an attorney's lien.

Appeal from special term, New York county.