## WOODHAVEN BANK v. BROOKLYN HILLS IMP. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. CORPORATIONS — STOCKHOLDERS' MEETINGS — MINUTES — GENUINENESS—EVIDENCE.

Plaintiff, in an action on a note made by a corporation and signed by a certain person as manager, introduced a minute book of the corporation, setting forth the adoption of a resolution conferring authority on such person to sign the note. Defendant read in evidence another minute book, containing a record of the same meeting, but showing no resolution conferring such authority. It appeared that two sets of minute

books were kept for convenience, and that such sets should have been alike. Defendant's minutes were unsigned, and the evidence as to whether or not they were in the handwriting of the then secretary of the company was conflicting. Plaintiff's minutes were admitted to be in the secretary's handwriting, and were signed by him, but the book in which they were contained no minutes of other meetings, while defendant's book did. There was evidence tending to show that defendant's book was the regular minute book, and no proof that plaintiff's book had ever been in the possession of the officers of the corporation, or had ever been seen by them. *Held*, that the striking out of the minutes read by defendant was error.

**2.** SAME—INSTRUCTIONS—ERROR NOT CURED.

The error was not cured by a statement in the charge that the only evidence against the adoption of the resolution conferring authority was defendant's minutes, since such charge was comment on evidence not in the case.

Appeal from trial term, Queens county.

Action by the Woodhaven Bank against the Brooklyn Hills Improvement Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John H. Corwin, for appellant.
Edward L. Frost, for respondent.

JENKS, J. The plaintiff sued upon three promissory notes, made subsequent to July 10, 1893, and signed, "Brooklyn Hills Improvement Company, by C. G. Davison, Manager." The answers raised the question of the authority of Davison to sign the notes. The plaintiff read in evidence a minute book of the defendant, wherein was a record of a meeting held July 10, 1893, setting forth the adoption of a resolution of authority in Davison. The defendant also read in evidence another minute book of the defendant, which contained a minute of the same meeting, but which did not show any resolution of such authority. Mr. Whiton, formerly a director, and also the former attorney and counsel for the company, was a witness for the plaintiff, and was also called by the defendant. Upon his cross-examination by the plaintiff he testified that the minutes of the defendant's exhibit were not in Mr. Davison's handwriting, and were unsigned; whereupon the court, under exception, granted the plaintiff's motion to strike the minutes of July 10th out of the defendant's exhibit. I think that the exception was well taken. Mr. Whiton testified that two sets of minute books were kept because the majority of the stockholders lived in Louisville, Ky., and, although the defendant was organized under the laws of New York, there was an advisory committee in Louisville, and the transactions of the defendant were interchanged between Louisville and New York. He also testified that the duplicate was for information and action at Louisville, that the books were supposed to be alike, and that they ought to have been alike, but there evidently was some discrepancy, from what he knew. The defendant's exhibit was sufficiently proved by this testimony and by that of its president. If it was a book of record of corporate acts, i. e., of the

resolves passed by the corporation at its meeting of July 10th, I think that it was admissible. Leonard v. Faber, 52 App. Div. 495, 499, 65 N. Y. Supp. 391 and authorities cited; Blake v. Griswold, 103 N. Y. 429, 434, 9 N. E. 434; Abb. Tr. Ev. (2d Ed.) p. 58 et seq. The plaintiff's exhibit, as I have said, shows the record of the meeting on July 10, 1893. On page 31 it is recorded: "No further business being before the meeting, on motion of L. C. Whiton the chairman declared it adjourned." This is signed in pencil by C. G. Davison, secretary. Then immediately after follows a statement that the regular meeting of the trustees was held, whereat were present A. O. Whiton, L. C. Whiton, and E. W. Husted. This shows the election of officers, and, on motion of Mr. A. O. Whiton, the adoption of a resolution which purported to confer on Mr. Davison the authority in question. The minutes are in the handwriting of Mr. Davison, and are signed by him as secretary pro tem., but the book does not thereafter contain any entry whatever. The following 160 pages are entirely blank. The exhibit of the defendant also shows a meeting of the board of trustees on July 10, 1893, and states the business transacted. It shows the adoption of a resolution conferring certain authority upon Mr. Davison, therein specified, but . makes no mention whatever of any authority in relation to drafts, notes, or acceptances. The minute purports to be complete, inasmuch as it ends with the statement of adjournment. The president of the defendant testified that such minute was in the handwriting of Mr. Davison, who, being present, the minutes show was appointed secretary of the meeting. And this exhibit, moreover, contains the transactions of other and of subsequent meetings of the corporation. There was evidence which tended to establish that the defendant's exhibit was the regular minute book, and no proof whatever that the plaintiff's exhibit had ever been in the possession of the defendant's officers, outside of Mr. Davison, or that it had ever been seen by them. If the plaintiff, to prove the authority of Mr. Davison, relied upon the records of the meeting of July 10th in the book which it read in evidence, then certainly the defendant was entitled to have the jury pass upon the question whether the book produced by it contained the true and complete record of that meeting. The mere fact that these particular minutes were not signed did not warrant their rejection. Though the witness Whiton testified that such minutes were not in the handwriting of the secretary of the meeting, the president of the company testified to the contrary. I am aware of no law or statute requiring the keeping of minutes by a private corporation, or that, if such minutes are kept, they shall be signed or attested by any officer. If the defendant had relied solely upon the fact that the minutes were in the handwriting of Davison, and that the minutes themselves stated that he acted as secretary of the meeting, then this might not have been sufficient proof. Turnpike Co. v. McKean, 10 Johns. 154, 6 Am. Dec. 324. But, in addition, there is testimony dehors such record that Mr. Davison was first the secretary, and then the assistant secretary, of the corporation, and also to the effect that the book was the original minute book, used in the business of the corporation, handed down to the officers of the defendant, and that it contained subsequent

minutes signed. I think that the mere omission of the keeper of the minutes to sign them did not render them incompetent upon the question as to whether the corporation had done a certain act at this meeting; for it was but the absence of attestation, and not of a certificate requisite to validity. Abb. Tr. Ev. (2d Ed.) p. 63, et seq; People v. Eureka Lake & Y. Canal Co., 48 Cal. 143. The question is not as to what is the weight of the evidence rejected, but whether the defendant was entitled to have it admitted as part of its case. The mere fact that the learned justice in his charge said that the only evidence against the adoption of the resolution was the duplicate record, which did not contain the authority, does not cure the error; for that was comment upon evidence not in the case, but which had been stricken out in the hearing of the jury. Non constat, if the minute had been retained in evidence, the jury would have concluded, upon comparative examination of the records, that the defendant's exhibit was the true record, and that the resolution written in the plaintiff's exhibit had been manufactured, not, however, by the plaintiff, who is above suspicion. As the judgment should be reversed for this exclusion of evidence, I do not deem it necessary now to pass upon the other rulings in the case, some of which, I think, are open to serious question.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.