THE WOODHAVEN BANK, Respondent, *v.* THE BROOKLYN HILLS IMPROVEMENT COMPANY, Appellant. (Actions Nos. 1, 2 and 3.)

*Minutes of a corporation, as evidence — they need not be signed by the secretary.*

The omission of the secretary of a corporation to sign the minutes taken by him at a particular meeting and entered in the original minute book, does not render such minutes incompetent upon the trial of an issue as to whether the corporation passed a certain resolution at that meeting.

APPEAL by The Brooklyn Hills Improvement Company, the defendant in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff, rendered in each of said actions, and entered in the office of the clerk of the county of Queens on the 18th day of October, 1901, upon the verdict of a jury rendered by direction of the court, and also from an order granted in each of the above-entitled actions and entered in said clerk's office on the 25th day of October, 1901, denying the defendant's motion in each action for a new trial made upon the minutes.

*John H. Corwin,* for the appellant.

*Edward L. Frost,* for the respondent.

JENKS, J.:

The plaintiff sued upon three promissory notes, made subsequent to July 10, 1893, and signed "Brooklyn Hills Improvement Co. by C. G. Davison, Manager." The answers raised the question of the authority of Davison to sign the notes. The plaintiff read in evidence a minute book of the defendant, wherein was a record of a meeting held July 10, 1893, setting forth the adoption of a resolution of authority in Davison. The defendant also read in evidence another minute book of the defendant, which contained a minute of the same meeting, but which did not show any resolution of such authority. Mr. Whiton, formerly a director, and also the former attorney and counsel for the company, was a witness for the plaintiff and was also called by the defendant. Upon his cross-examination by the plaintiff he testified that the minutes of the defendant's exhibit were not in Mr. Davison's handwriting, and were unsigned, whereupon the court, under exception, granted the plaintiff's motion to strike the minutes of July tenth out of the defendant's exhibit. I think that the exception was well taken. Mr. Whiton testified that two sets of minute books were kept because the majority of the stockholders lived in Louisville, Ky., and although the defendant was organized under the laws of New York, there was an advisory committee in Louisville, and the transactions of the defendant were interchanged between Louisville and New York. He also testified that the duplicate was for information and action at Louisville; that the books were supposed to be alike, and that they ought to have been alike, but there was evidently some discrepancy from what he knew. The defendant's exhibit was sufficiently proved by this testimony and by that of its president. If it was a book of record of corporate acts, *i. e.*, of the resolves passed by the corporation at its meeting of July tenth, I think that it was admissible. (*Leonard* v. *Faber*, 52 App. Div. 495, 499, and authorities cited; *Blake* v. *Griswold*, 103 N. Y. 429, 434; Abb. Tr. Ev. [2d ed.] 58 *et seq.*) The plaintiff's exhibit, as I have said, shows the record of the meeting of July 10, 1893. On page 31 it is recorded: "No further business being before the meeting, on motion of L. C. Whiton, the chairman declared it adjourned." This is signed in pencil by C. G. Davison, secretary. Then immediately after

follows a statement that the regular meeting of the trustees was held whereat were present A. O. Whiton, L. C. Whiton and E. W. Husted. This shows the election of officers, and on motion of Mr. A. O. Whiton the adoption of a resolution which purported to confer on Mr. Davison the authority in question. The minutes are in the handwriting of Mr. Davison, and are signed by him as secretary *pro tem*, but the book does not thereafter contain any entry whatever. The following 160 pages are entirely blank. The exhibit of the defendant also shows a meeting of the board of trustees on July 10, 1893, and states the business transacted. It shows the adoption of a resolution conferring certain authority upon Mr. Davison, therein specified, but makes no mention whatever of any authority in relation to drafts, notes or acceptances. The minute purports to be complete, inasmuch as it ends with the statement of adjournment The president of the defendant testified that such minute was in the handwriting of Mr. Davison, who, as shown by the minutes, was appointed secretary of the meeting. And this exhibit, moreover, shows the transactions of other and of subsequent meetings of the corporation. There was evidence which tended to establish that the defendant's exhibit was the regular minute book, and no proof whatever that the plaintiff's exhibit had ever been in the possession of the defendant's officers, outside of Mr. Davison, or that it had ever been seen by them. If the plaintiff, to prove the authority of Mr. Davison, relied upon the records of the meeting of July tenth in the book which it read in evidence, then certainly the defendant was entitled to have the jury pass upon the question whether the book produced by it contained the true and complete record of that meeting. The mere fact that these particular minutes were not signed did not warrant their rejection. Though the witness Whiton testified that such minutes were not in the handwriting of the secretary of the meeting, the president of the company testified to the contrary. I am aware of no law or statute requiring the keeping of minutes by a private corporation, or that if such minutes are kept they shall be signed or attested by any officer. If the defendant had relied solely upon the fact that the minutes were in the handwriting of Davison, and that the minutes themselves stated that he acted as secretary of the meeting, then this might not have been sufficient proof. (*Turnpike Company* v.

*M'Kean,* 10 Johns. 154.) But, in addition, there is testimony *dehors* such record that Mr. Davison was first the secretary and then the assistant secretary of the corporation, and also to the effect that the book was the original minute book, used in the business of the corporation, handed down to the officers of the defendant, and that it contained subsequent minutes signed. I think that the mere omission of the keeper of the minutes to sign them did not render them incompetent upon the question as to whether the corporation had done a certain act at this meeting, for it was but the absence of attestation, and not of a certificate requisite to validity. (Abb. Tr. Ev. [2d ed.] 63 *et seq. ; People* v. *E. L. & Y. C. Co.,* 48 Cal. 143.) The question is not as to what is the weight of the evidence rejected, but whether the defendant was entitled to have it admitted as part of its case. The mere fact that the learned justice in his charge said that the only evidence against the adoption of the resolution was the duplicate record which did not contain the authority, does not cure the error. For that was comment upon evidence not in the case, for it had been stricken out in the hearing of the jury. *Non constat,* if the minute had been retained in evidence the jury would have concluded upon comparative examination of the records that the defendant's exhibit was the true record and that the resolution written in the plaintiff's exhibit had been manufactured, not, however, by the plaintiff, who is above suspicion. As the judgment should be reversed for this exclusion of evidence I do not deem it necessary now to pass upon the other rulings in the case, some of which, I think, are open to serious question.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgments and orders reversed and new trial granted, costs to abide the event.