THOMAS F. MINOR, Respondent, *v.* WILLIAM H. CROSBY and HARMON H. FULTON, Appellants, Impleaded with WILLIAM MORISON and Others.

*Action against a director of a corporation for its debt because of its failure to file an annual report — the books of account of the corporation are not evidence of the existence of the debt.*

In an action to charge the directors of a corporation with liability for a debt thereof because of the failure of the corporation to file an annual report, books of account of the corporation, not shown to be correct, are not, *per se*, evidence against the directors of the existence of the indebtedness, in the absence of evidence that such directors had access to, or were familiar with, the contents of the books of account.

SPRING and WILLIAMS, JJ., dissented.

APPEAL by the defendants, William H. Crosby and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 30th day of January, 1902, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 10th day of February, 1902, denying the motion of each of said defendants for a new trial made upon the minutes.

*Edward R. Bosley* and *Richard H. Thurston,* for the appellants.

*William S. Haskell,* for the respondent.

HISCOCK, J. :

. This action was brought by plaintiff, as assignee of the Hartford Machine Screw Company, to recover of the defendants the unpaid balance of a bill of goods sold by said company to the Eclipse Electric Lamp Company in the year 1896. Said recovery was sought against said defendants impleaded with others because they were at the times involved directors of said lamp company, and no annual report was filed by or in behalf of the same as required by law.

The main contest upon the trial of the action arose in connection with plaintiff's attempt to prove the value of the goods sold. The learned trial justice admitted in evidence against appellants and over their objection the ledger of the lamp company containing the account of the goods in question. We think this was an error, for which the judgment must be reversed.

For the purpose of establishing the indebtedness in question plaintiff called one Crean, who, at the time the goods in question were sold, was president of the lamp company and had general charge of its affairs. He was unable, however, to give definite evidence in regard to the sale and purchase of the goods in question. He was allowed, for the purpose of refreshing his recollection, to consult the ledger of the lamp company and also a transcript of the account with the screw company of the purchases in question taken from such ledger. He was able to recall in a general way the purchase of the goods and that the purchase price thereof was somewhere in the neighborhood of $2,000. But he was unable, either before or after refreshing his recollection as above stated, to recall the respective dates and amounts of the bills which made up the aggregate amount, and was unable to recollect such aggregate amount except in the general way before stated. The trial justice presiding in substance ruled that his evidence was insufficient to establish the indebtedness of which recovery is sought in this action.

After this witness had been thoroughly examined plaintiff offered in evidence the ledger of the lamp company containing the account of the purchases in question. This was strenuously objected to by the appellants. Said book of account was not offered in evidence in connection with the evidence of the witness Crean as a memorandum which had been used by him in his testimony. It was manifestly offered in evidence as original independent evidence

against the defendants. The correctness of this book, and especially of the account in question, was not established by any evidence. An attempt was made to do so by the evidence of the witness above referred to. It appeared, however, that said book was kept by two bookkeepers; that Mr. Crean approved bills sent in to the company and afterwards they were passed over to the bookkeepers to be entered upon the proper books of account and were finally posted to the ledger; that in a general way the witness Crean had access to and looked over this ledger for the purpose of keeping oversight of the accounts of this company. It must be held, however, and the trial justice so ruled upon the trial, that the witness did not have any such knowledge of the entries made in the account in question upon said ledger as to be able to state that the bills of goods purchased from the screw company were correctly entered thereon. The account was not finally received in evidence upon that theory, but rather upon the theory that the books of account of a corporation were evidence against its directors. While the appellants were directors in the company and one of them its secretary and treasurer, no evidence was introduced or claim made that they or either of them had to do with the details of the business of said lamp company or had access to or knew of the contents of the books of account including said ledger.

The question is, therefore, fairly presented whether the books of account of a corporation are *per se* evidence of an indebtedness against said corporation in an action to charge the directors thereof with liability by reason of the failure to file the annual statement.

This question is not a new one, but in the case of *Leonard* v. *Faber* (52 App. Div. 495) was fully considered and passed upon by the First Appellate Division. That case, with much care, points out the distinction to be drawn between the books of a corporation relating to its own matters and management, such as its stock and minute books, and the ordinary books of account kept by it relating to its transactions with third parties, and holds that the latter without proof of correctness are not evidence against directors unless the latter are shown to have been familiar with or parties to their entries.

This general principle is also sustained in the case of *Rudd* v. *Robinson* (126 N. Y. 113).

We regard the reasoning of those cases as applicable to the facts presented upon this appeal and decisive against such admission of the lamp company's ledger as was allowed against appellants.

This conclusion leads us to hold that the judgment and order appealed from should be reversed.

McLENNAN and DAVY, JJ., concurred; SPRING and WILLIAMS, JJ., dissented.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.