### MINOR v. CROSBY et al.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. CORPORATIONS — DIRECTORS — LIABILITY — ADMISSIBILITY OF CORPORATION BOOKS.

　　The ordinary books of account of a corporation relating to its transactions with third persons are not, per se and without proof of the correctness of the entries therein, evidence of an indebtedness against the corporation, in an action to charge directors with liability therefor by reason of their failure to file an annual statement.

　　Spring and Williams, JJ., dissenting.

Appeal from trial term, Erie county.

Action by Thomas F. Minor against William H. Crosby, Harmon H. Fulton, and others. Judgment for plaintiff, and the named defendants appeal. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HIS-
COCK, and DAVY, JJ.

Edward R. Bosley and Richard H. Thurston, for appellants.
William S. Haskell, for respondent.

HISCOCK, J.　This action was brought by plaintiff, as assignee
of the Hartford Machine Screw Company, to recover of the defend-
ants the unpaid balance of a bill of goods sold by said company
to the Eclipse Electric Lamp Company in the year 1896.　Said re-
covery was sought against said defendants, impleaded with others,
because they were at the times involved directors of said lamp com-
pany, and no annual report was filed by or in behalf of the same as
required by law.　The main contest upon the trial of the action
arose in connection with plaintiff's attempt to prove the value of
the goods sold.　The learned trial justice admitted in evidence against
appellants, and over their objection, the ledger of the lamp company
containing the account of the goods in question.　We think this was
an error for which the judgment must be reversed.

For the purpose of establishing the indebtedness in question, plain-
tiff called one Crean, who at the time the goods in question were sold
was president of the lamp company and had general charge of its
affairs.　He was unable, however, to give definite evidence in re-
gard to the sale and purchase of the goods in question.　He was al-
lowed, for the purpose of refreshing his recollection, to consult the
ledger of the lamp company, and also a transcript of the account with
the screw company of the purchases in question, taken from such
ledger.　He was able to recall in a general way the purchase of the
goods, and that the purchase price thereof was somewhere in the
neighborhood of $2,000; but he was unable, either before or after
refreshing his recollection as above stated, to recall the respective
dates and amounts of the bills which made up the aggregate amount,
and was unable to recollect such aggregate amount, except in the
general way before stated.　The trial justice presiding in substance
ruled that his evidence was insufficient to establish the indebtedness
of which recovery is sought in this action.　After this witness had
been thoroughly examined, plaintiff offered in evidence the ledger
of the lamp company containing the account of the purchases in
question.　This was strenuously objected to by the appellants.　Said
book of account was not offered in evidence, in connection with the
evidence of the witness Crean, as a memorandum which had been
used by him in his testimony.　It was manifestly offered in evidence
as original independent evidence against the defendants.　The cor-
rectness of this book, and especially of the account in question, was
not established by any evidence.　An attempt was made to do so by
the evidence of the witness above referred to.　It appeared, however,
that said book was kept by two bookkeepers; that Mr. Crean ap-
proved bills sent in to the company, and afterwards they were passed
over to the bookkeepers to be entered upon the proper books of ac-
count, and were finally posted to the ledger; that in a general way
the witness Crean had access to and looked over this ledger for

the purpose of keeping oversight of the accounts of this company. It must be held, however, and the trial justice so ruled upon the trial, that the witness did not have any such knowledge of the entries made in the account in question upon said ledger as to be able to state that the bills of goods purchased from the screw company were correctly entered thereon. The account was not finally received in evidence upon that theory, but rather upon the theory that the books of account of a corporation were evidence against its directors. While the appellants were directors in the company, and one of them its secretary and treasurer, no evidence was introduced or claim made that they or either of them had to do with the details of the business of said lamp company, or had access to or knew of the contents of the books of account, including said ledger.

The question is therefore fairly presented whether the books of account of a corporation are per se evidence of an indebtedness against said corporation in an action to charge the directors thereof with liability by reason of the failure to file the annual statement. This question is not a new one, but in the case of Leonard v. Faber, 52 App. Div. 495, 65 N. Y. Supp. 391, was fully considered and passed upon by the First appellate division. That case with much care points out the distinction to be drawn between the books of a corporation relating to its own matters and management, such as its stock and minute books, and the ordinary books of account kept by it relating to its transactions with third parties, and holds that the latter, without proof of correctness, are not evidence against directors, unless the latter are shown to have been familiar with or parties to their entries. This general principle is also sustained in the case of Rudd v. Robinson, 126 N. Y. 113, 26 N. E. 1046, 12 L. R. A. 473, 22 Am. St. Rep. 816. We regard the reasoning of those cases as applicable to the facts presented upon this appeal, and decisive against such admission of the lamp company's ledger as was allowed against appellants. This conclusion leads us to hold that the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted, with costs to appellants to abide event. All concur, except SPRING and WILLIAMS, JJ., who dissent.