## SHELBY v. NEW YORK STEAM CO.

(Supreme Court, Appellate Term.   March 10, 1910.)

1. CORPORATIONS (§ 155*)—DIVIDEND SCRIP—PRIMA FACIE CASE.

In an action to recover interest on a written instrument, introduction of the instrument by which a corporation certified that it was indebted to S. in the sum of $315, payable out of its net earnings at any time after 30 days' notice of payment by the board of directors, to bear interest at 6 per cent., payable annually, established a prima facie case.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 155.*]

2. CORPORATIONS (§ 155*)—SCRIP DIVIDEND—INTEREST.

Where a corporate scrip dividend was issued, bearing interest, without consideration, the holder was not entitled to recover past-due interest thereon without proof that the dividend was legally declared.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 155.*]

3. EVIDENCE (§ 158*)—BEST EVIDENCE—CORPORATE DIVIDEND.

Evidence of the general auditor of a corporation that, so far as he knew, the company had not earned any dividends, was inadmissible to show that a scrip dividend declared was illegal; the best evidence being the corporation's books of account.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–526; Dec. Dig. § 158.*]

4. EVIDENCE (§ 370*)—DOCUMENTARY EVIDENCE—BOOKS OF ACCOUNT.

Books of account of a corporation do not prove themselves.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1562; Dec. Dig. § 370.*]

5. EVIDENCE (§ 383*)—DOCUMENTARY EVIDENCE—MINUTE BOOK OF CORPORATION.

The minute book of a corporation, after being duly proved, is evidence both that its contents are correct and that, presumptively, proceedings not therein recited did not actually occur.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1667; Dec. Dig. § 383.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CORPORATIONS (§ 155*)—DIVIDENDS—PROOF.

Where plaintiff sued on a scrip dividend alleged to have been passed
by a corporation, and the corporation's minute book contained no entry of
any resolution of directors authorizing the dividend, the burden was on
plaintiff to prove by some survivor that a resolution for a dividend was
actually passed, though not recorded.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 155.*]

7. CORPORATIONS (§ 152*)—DIVIDENDS—POWER.

Under Manufacturing Corporations Act (Laws 1848, c. 40) § 13, regulat-
ing the affairs of corporations, the power to declare dividends was vested
exclusively in the directors, ·and could not be exercised by the president
and secretary.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by Joseph P. Shelby against the New York Steam Company.
Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Joseph Rosenzweig, for appellant.
James W. Hawes, for respondent.

WHITNEY, J. This is an action to recover interest for the past
20 years upon an instrument, signed by the president and treasurer and
bearing the seal of the defendant company, of which the important part
is as follows:

"This is to certify that the New York Steam Company is indebted to W. A.
Street in the sum of three hundred and fifteen dollars, due and payable out
of the net earnings of said company in gold coin of the U. S. at any time after
thirty days' notice of payment shall have been given by the board of directors.
This certificate bears interest at the rate of six per cent. per annum. Such
interest will be paid semiannually at the office of the company on the first
day of April and October after this date."

Both of the signers are dead.

Plaintiff introduced the instrument, and thus made a prima facie
case. Quackenboss v. Globe Insurance Co., 177 N. Y. 71, 69 N. E.
223; Gause v. Commonwealth Trust Co., 196 N. Y. 134, 89 N. E. 476.
It was conceded, however, that the instrument was issued without con-
sideration, and supposed by the person who received it, who was a
stockholder of the company, to be a scrip dividend. Upon this conces-
sion defendant at first rested and moved for judgment, to which it was
entitled; but the motion was denied, and it then put in oral evidence
that the corporation had declared a scrip dividend about that time. It
then undertook to prove that the declaration was illegal, because there
were no sufficient net profits, but failed to do so by competent evidence.
The general statement that, so far as the general auditor knows, "the
company had not earned any dividends," was excepted to, and the ex-
ception is good. The best evidence was the books of account, and they
did not prove themselves (Leonard v. Faber, 52 App. Div. 495, 499, 65
N. Y. Supp. 391), nor was a proper foundation laid for their admission.
The minute book, however, was properly proved, and is evidence

both that its contents are correct and that, presumptively, proceedings not therein recited did not actually occur. Woodhaven Bank v. Brooklyn Hills Imp. Co., 69 App. Div. 489, 74 N. Y. Supp. 1023. It contains no entry of any resolution of the directors authorizing a dividend. This cast upon plaintiff the burden of proving by some survivor that a resolution for a dividend was actually passed, although not recorded in the minutes. No such evidence was offered, and the fair inference from the statements of defendant's witness is therefore that the "declaration" of the scrip dividend was not by the directors, but by the president and secretary.

The statute under which the corporation was organized did not authorize those officers to declare a dividend, but contemplated that that power should reside in the directors or trustees (Manufacturing Corporations Act [Laws 1848, c. 40] § 13); and this power was then, as it is now, one regarded by the law as exclusively vested in the governing body of the corporation (Pen. Code, § 594). See Williams v. Western Union Tel. Co., 93 N. Y. 162, 192; Morawitz on Corporations, § 446.

The plaintiff having failed to show authority for the dividend, the judgment must be affirmed, with costs. All concur.