Civil action for the recovery of damages for the wrongful and negligent death of plaintiff's intestate, tried by Bond, J., and a jury, at the October-November term of the Superior Court of Wake. The intestate *Page 253 
was standing near a steam boiler used by the defendant in the operation of a sawmill when the boiler exploded, causing the death of the intestate. There was evidence for plaintiff tending to show that her intestate was an employee of the defendant, and evidence for defendant tending to show that he was not. The jury found that the intestate was such employee, answered the issue of negligence in favor of the plaintiff, and assessed damages. The defendant appealed.
Applying the doctrine of res ipsa loquitur to the cause of the intestate's death, his Honor instructed the jury as (237) follows: "The defendant having admitted that an explosion occurred, the law raises a presumption that the explosion was due to negligence, and shifts upon the defendant the burden of showing that the explosion was not negligently caused." This instruction the defendant assigns as error, and in our opinion his exception should be sustained. The verdict, considered in reference to his Honor's charge, established as between the defendant and the intestate the relation of master and servant. In a large body of decisions, especially in those of the Federal courts, the maxim res ipsa loquitur is not applied in actions arising from the relation of master and servant, although, says Labatt, no satisfactory reason is given why in such cases it should not apply. Mas and Ser. (2 ed.), 1601. Some of the courts, emphasizing the peculiar contract of the employee who ordinarily assumes the risks incident both to his employment and to the negligence of his fellow-servants, deny the applicability of the maxim in its strict and distinctive sense. To what extent these decisions may be affected by the abrogation of the common-law doctrine of fellow-servants in the enactment of the Federal Employers' Liability Act is not germane to this discussion. Jones v. R.R., 176 N.C. 260. Other courts, which do not exclude the rule in causes between master and servant, nevertheless confine its application to a scope more limited than that which is generally recognized in the case of carrier and passenger. In a number of decisions rendered in this jurisdiction it is held that the maxim applies to causes originating in the relation of master and servant. Kinney v. R. R., 122 N.C. 961; Wrightv. R. R., 127 N.C. 225; Womble v. Grocery Co., 135 N.C. 474; Ross v.Cotton Mills, 140 N.C. 115; Hemphill v. Lumber Co., 141 N.C. 488;Fitzgerald v. R. R., Ibid, 531.
In applying the maxim confusion has frequently arisen from a failure to observe the distinction between circumstantial evidence and the *Page 254 
technical definition of res ipsa loquitur. This distinction is not merely theoretical; it is practically important. Res ipsa loquitur, in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident are sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant in addition to those which indicate the physical cause of the accident. Fitzgerald v. R. R., 6 L.R.A. (N.S.) 337, and note; Byers v. Steel Co., 16 L.R.A. (N.S.) 214, and note.
We are not inadvertent to decisions in which it is held that (238) the doctrine of res ipsa loquitur does not apply in case of injury or death caused by the explosion of a boiler; but in our opinion the better reasoning, as well as eminent judicial opinion, supports its application. The principle is embedded, not in the relation existing between the parties, but in the inherent nature and character of the act causing the injury. "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." Scott v. London Co., 3 H. C. 596; Shear. and Red. on Neg. (6 ed.), sec. 58 b. When in safe condition and properly managed, boilers do not usually explode; therefore, in the absence of explanation, the bursting of a boiler justly and reasonably warrants an inference of negligence. Rose v. Trans. Co., 20 Blatchf. 411; Mullen v. St. John, 15 Am. Rep. 530; Young v. Bransford, 12 Lea (Tenn.) 232; Judson v.Powder Co., 48 Cal. 146; Beall v. Seattle, 61 L.R.A. 593; Lykiardopoulov. New Orleans, Anno. Cases, 1912 A, 976; Newton v. Texas Co.,180 N.C. 561; Stone v. Texas Co., Ibid, 546. We hold, then, upon the present record, that the plaintiff had a right to invoke in aid of her action against the defendant the doctrine of res ipsa loquitur.
In our opinion, however, his Honor's instruction is subject to the criticism of imposing upon the defendant the burden of disproving negligence. Furniture Co. v. Express Co., 144 N.C. 639; Stewart v. CarpetCo., 138 N.C. 61; Ross v. Cotton Mills, supra; Womble v. Grocery Co.,supra; Overcash v. Electric Co., 144 N.C. 573; Page v. Mfg. Co.,180 N.C. 335. In the last of these cases Walker, J., said: "It is true that expressions are to be found in some of our cases, filtered there from two or three cases based on the English rule, which justified his Honor's *Page 255 
charge, but since they were decided we have adhered to the true and correct rule, which is stated in Stewart v. Carpet Co., supra; Womblev. Grocery Co., supra; Cox v. R. R., supra; Shepard v. Tel. Co., supra, and many other cases, and which we have applied in this case, the substance of which is that the burden to prove his case is always on the plaintiff, whether the defendant introduces evidence or not. Where we have said `it is the duty of the defendant to go forward with his proof, it was only meant in the sense that if he expects to win it is his duty to do so or take the risk of an adverse verdict, and not that any burden of proof rested upon him. He pleads no affirmative defense, but the general issue, and this puts the burden throughout the case on the plaintiff, who must recover, if at all, by establishing his case by the greater weight of evidence. The Supreme Court of the United States has so stated the rule, and it referred with approval to our cases above cited. We say this much again, in the hope that the rule, as we (239) have stated it, may hereafter be considered as the correct one."
For the purpose of calling attention to inconsistent expressions in some of the decisions of this Court we undertook at the last term to review the cases in which the burden of the issue and the "burden of proof" are discussed. White v. Hines, 182 N.C. 275. The origin of these inconsistencies may perhaps be found in the application against the defendant of the words "presumption" and "burden of proof." In some of the decisions the word "presumption" seems unfortunately to imply the right of the plaintiff to recover unless the defendant introduces evidence in rebuttal, and to this extent assumes the burden of proof; whereas, the "presumption" is nothing more than evidence to be considered by the jury. Here the plaintiff could have rested her case as to the first issue upon proof of the explosion, and her intestate's death as the proximate result; and in that event it would have devolved on the defendant to elect between introducing and declining to introduce evidence, because, although the maxim referred to was applicable, the explosion and consequent death were only evidence from which the jury in the exercise of their reason might or might not have inferred negligence. The burden of proving by the greater weight of the evidence the explosion, the death, and the proximate cause remained with the plaintiff throughout the trial, and the burden of disproving negligence was not at any time cast upon the defendant.
In White v. Hines, supra, 288, it is said: "When the plaintiff proves, for instance, that he has been injured by the fall of an elevator, or by a derailment, or by the collision of trains, or other like cause, the doctrine of res ipsa loquitur applies, and the plaintiff has a prima facie
case of negligence for the consideration of the jury. Such prima facie *Page 256 
case does not necessarily establish the plaintiff's right to recover. Certainly, it does not change the burden of the issue. The defendant may offer evidence or decline to do so at the peril of an adverse verdict. If the defendant offer evidence the plaintiff may introduce additional evidence, and the jury will then say whether upon all the evidence the plaintiff has satisfied them by its preponderance that he was injured by the negligence of the defendant." . . .
"As applicable to this class of cases, the rule formulated by the more recent decisions of this Court is substantially as follows: In all instances of this character, after the plaintiff has established a prima facie
case of negligence, if no other evidence is introduced, the jury will be fully warranted in answering the issue as to negligence in favor of the plaintiff, but will not be required to do so as a matter of law. When such prima facie case is made, it is incumbent upon the defendant to offer proof in rebuttal of the plaintiff's case, but not to the (240) extent of preponderating evidence. The defendant, however, is not required as a matter of law to produce evidence in rebuttal; he may decline to offer evidence at the peril of an adverse verdict. If he offer evidence, the plaintiff may introduce other evidence in reply, and the jury will finally determine whether the plaintiff is entitled by the greater weight of all the evidence to an affirmative answer to the issue; for throughout the trial the burden is upon the plaintiff to show by the greater weight of the evidence that he is entitled to such answer."
It may not be improper to direct attention to his Honor's further instruction that the law raises a presumption that the explosion was due to negligence. There are decisions which apparently sustain the instruction; but again we find that certain of the decisions are inharmonious, if not directly conflicting. For example, it has been held that in case of derailment or the collision of trains, in which the doctrine of res ipsaloquitur applies, the law raises a presumption of negligence (Stewart v. R.R., 141 N.C. 277; Hemphill v. Lumber Co., Ibid, 488); in others that the maxim does not create a presumption, but merely carries the question of negligence to the jury (Fitzgerald v. R. R., Ibid, 542; Womble v. GroceryCo., supra; Ross v. Cotton Mills, supra); and in Cox v. R. R.,149 N.C. 118, it was held that an instruction that there was a "presumption in law of negligence" was erroneous in that it raised a legal presumption of the defendant's liability and shifted the burden of proof to the defendant.
We hold that where the doctrine of res ipsa loquitur applies the plaintiff has a prima facie case of negligence; but such prima facie case is not a presumption of law, but simply evidence from which the jury may or may not infer that the issue should be answered in favor of the *Page 257 
plaintiff. The duty, then, imposed on the defendant is to elect between introducing or declining to introduce evidence in explanation or rebuttal.
We deem it unnecessary to consider the remaining exceptions.
For the reasons stated, the defendant is entitled to a new trial. CottonOil Co. v. R. R., ante, 95.
New trial.
Cited: Saunders v. R. R., 185 N.C. 290; Hinnant v. Power Co.,187 N.C. 294; Corbitt v. Royer-Ferguson Co., 188 N.C. 567; Howard v. TexasCo., 205 N.C. 23; Young v. Anchor Co., 239 N.C. 290; Smith v. Oil Corp.,239 N.C. 366.