### In re PLEASANT VALLEY SOC.

(Supreme Court, Appellate Division, Fourth Department. May 23, 1905.)

ASSOCIATIONS—TRUSTEES—ELECTIONS—CONTEST—SUMMARY HEARING—AFFIDAVITS.

Where, in a proceeding to determine a contest of an election of a trustee of an association, as authorized by General Corporation Law, § 27 (Laws 1892, p. 1810, c. 687), the affidavits on which the case was submitted consisted largely of conclusions, and not facts, the proceeding should be sent to a referee to take the evidence of the witnesses on oral examination, and to report the same to the court, with his opinion.

Appeal from Special Term, Onondaga County.

Proceeding for determination of a contest for the election of a trustee of the Pleasant Valley Society. From an order in favor of respondent trustee, petitioner appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Irving J. Higbee and M. H. Kiley, for appellant.
George B. Hammond, for respondent.

WILLIAMS, J.   The order should be reversed, and an order made  appointing a referee to take the evidence of the parties and report the same to the court with his opinion thereon, with costs to abide event.   The application was apparently made under section 27 of the general corporation law (being section 15, c. 563, p. 1063, Laws 1890, as amended by chapter 687, p. 1810, Laws 1892). The court assumed to hear and determine the matter upon affidavits. Many of the statements made in the affidavits were of conclusions, rather than simple facts, and we think the witnesses should be subjected to oral examination and cross-examination, and the whole evidence submitted to the court, before a final decision is made. The controversy seems to me to be of too much importance to be thus summarily disposed of.   All concur.

---

(46 Misc. Rep. 157.)
### In re DRIVEWAY IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   January, 1905.)

**1. ACCRETION—WHAT CONSTITUTES.**
Title is acquired by accretion only when the accretion is caused by a gradual and natural deposit of soil.
[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Navigable Waters, §§ 267, 268.]

**2. SAME—RIPARIAN OWNERS—DAMAGES.**
In proceedings to lay out a public speedway along the Harlem river in New York riparian owners having no title to the land under water are not entitled to an award for damages thereto on the theory that the land filled in by the city between high-water mark and the line of the speedway was an accretion to the upland.