Proper findings may be submitted in accordance with the foregoing suggestions.

(152 App. Div. 466.)

LOUGHLIN v. WOCKER et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. CORPORATIONS (§ 321*)—"OFFICER HAVING A GENERAL SUPERINTENDENCE OF ITS CONCERNS"—TREASURER.

A treasurer of a corporation is not an "officer having a general super-intendence of its concerns," within General Corporation Act (Consol. Laws 1909, c. 23) §§ 90, 91, authorizing a creditor, trustee, director, manager, or other officer of a corporation having a general superintendence of its concerns, to sue to compel officers to account for their official conduct.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 321.*]

2. APPEAL AND ERROR (§ 105*)—ORDERS APPEALABLE—DENIAL OF MOTION TO DISMISS.

An order denying a motion, made at the opening of the trial, to dismiss the complaint for failure to state a cause of action, is not appealable; no disposition of the action following the denial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723; Dec. Dig. § 105.*]

Appeal from Special Term, Queens County.

Action by Robert Loughlin, as treasurer of a corporation, against Philip F. Wocker and another. From an order denying the motion of defendant Wocker to dismiss the complaint, he appeals. Dismissed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Henry C. Frey, for appellant.
James E. Smyth, of Brooklyn, for respondent.

THOMAS, J. This is an appeal from an order denying a motion to dismiss the complaint for failure to state a cause of action. The motion was denied, and the action referred and stayed pending this appeal.

[1] The appeal involves General Corporation Act, §§ 90 and 91 (chapter 28, Laws of 1909). Section 90 provides that an action may be maintained against the trustees, directors, managers, or other officers of the corporation to compel them to account for their official conduct, or to pay to the corporation which they represent any money or property which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform, or by their violation of, their duties; and section 91 enables the action to be brought by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation "having a general superintendence of its concerns."

This action is brought by the present treasurer of the corporation against the defendant, once its treasurer, to recover divers sums of money, concerning which he asks an accounting. The corporation is made a party defendant, but not served.

The appellant treats the action as a stockholder's action, and insists that the cause of action disclosed, if any, is in the corporation, and not in the treasurer, and that there is no allegation that the treasurer has demanded that the corporation bring the action in its name, or that the facts render such demand unnecessary. It is true that such allegation is wanting; but, if the treasurer of the corporation may be regarded as having "general superintendence of its concerns," then such demand is not necessary. The relation of such words to the class of persons enabled to bring the action is not clear. A trustee or director has not such general superintendence; but the language would apply to a manager "or other officer of the corporation."

The statute in its terms is similar to sections 1781, 1782, of the Code of Civil Procedure as it formerly existed, and Revised Statutes, § 33, art. 2, tit. 4, c. 8, pt. 3. Attention is not called to instances in which a treasurer has brought such an action. He is not a manager or other officer having general superintendence of the corporation, and thus broadly concerned with its entire interests and policy, as well as the protection of it and its property. He is, in this regard, a subordinate, elected for a definite, limited purpose, and for the performance of specific functions. So far as the facts appear, this is merely the case of a person, superseded as treasurer, going from office without leaving with or turning over to the corporation moneys that belong to it, and for which the corporation has its usual remedy.

[2] Such considerations would require reversal of the order; but it appears that the order is not appealable, inasmuch as it was made upon motion at the opening of the trial, whereupon no disposition of the action followed. Such practice does not obtain.

The appeal should be dismissed, with $10 costs and disbursements. All concur.