In the Matter of the Application of DUSHAN D. SILASKI, Respondent, for an Order Setting Aside and Declaring Void and of No Effect the Election of Officers or Directors of the SERB FEDERATION "SLOGA," a Domestic Corporation.

SERB FEDERATION "SLOGA," MICHAEL I. PUPIN and PAVLE H. PAVLOVICH, Appellants.

Second Department, November 10, 1916.

Corporation — proceeding to examine into validity of election — appeal from order appointing referee.

No appeal to the Appellate Division lies from an interlocutory order of the court, in a proceeding to review the validity of a corporate election of directors under section 32 of the General Corporation Law, which appoints a referee to take the testimony of witnesses and report the same to the court with his opinion.

*It seems*, that in such proceeding the appointment of a referee to take testimony and report with opinion is proper.

APPEAL by Serb Federation "Sloga" and others from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Westchester on the 19th day of July, 1916, granting the application of the petitioner.

*Arnold L. Davis* [*John S. Parker* and *N. Raymond Heater* with him on the brief], for the appellants.

*Winfield L. Morse* [*William G. Given* with him on the brief], for the respondent.

MILLS, J.:

This is an appeal by the "Serb Federation 'Sloga,'" a domestic fraternal benefit society, and by its president and vice-president, from an order made at the Rockland Special Term, July 15, 1916.

The proceeding was brought under section 32 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28) by the petition of a beneficiary member of the said society to have a summary inquiry made into the validity of an alleged election of officers of said society. The ground of the

invalidity of such election alleged in the petition is in brief that the special convention at which such election was made was illegally called and held. Such alleged officers, in their own name and in the name of the society, opposed the application, and presented to the Special Term various affidavits in opposition. Upon the hearing of the application at Special Term such defendants moved to dismiss the proceeding because of the insufficiency of the petition, and the court denied such motion, and, apparently upon its own motion or suggestion, appointed a referee "as an aid to the court herein," to take the testimony of witnesses in respect to the validity of the call for the said special convention and of the said application, and to report the same with all convenient speed with his opinion.

The petitioner and respondent, in his notice of argument here, gave notice that he would move to dismiss the said appeal as being unauthorized, and at the call here of the case for argument did make such motion.

It seems to me that the respondent's such contention is well made, and that the order so attempted to be appealed from is not appealable, and that, therefore, such motion to dismiss the appeal should be granted. Such order was merely an interlocutory or intermediate step in the proceedings, like an order denying a motion to dismiss the complaint, made at the opening of the trial. This court, in *Loughlin* v. *Wocker* (152 App. Div. 466, 468, Mr. Justice THOMAS writing), has recently held that such an order is not appealable; and in *People ex rel. Trowbridge* v. *McNamara* (18 App. Div. 17, 22) it, Mr. Justice CULLEN writing, held that in a certiorari proceeding to review an alleged excessive assessment, an order made at Special Term directing a reference to take proof "is of such an interlocutory character as not to be appealable to this division;" and the Appellate Division in the First Department, in *People ex rel. Keator* v. *Moss* (6 App. Div. 414, 419), held the same as to an order of reference in a habeas corpus proceeding.

I conclude, therefore, that upon these authorities we should hold that the order here attempted to be appealed from is not appealable, and, therefore, should grant the respondent's motion

to dismiss the appeal upon that ground, without considering the merits of the proceeding. It would seem, however, that the practice of the Special Term in appointing a referee to take testimony and report with his opinion was proper. (*Matter of Pleasant Valley Society,* 105 App. Div. 617.)

I· recommend, therefore, that the respondent's motion to dismiss the appeal be granted, with ten dollars costs and disbursements.

CARR, STAPLETON, RICH and PUTNAM, JJ., concurred. ·

Respondent's motion to dismiss appeal granted, with ten dollars costs and disbursements.