HARRIS LEVINE, Respondent, v. POUGHKEEPSIE RECREATION, INC., and Others, Appellants, and BENJAMIN GINSBURG, Defendant.— Order dated December 2, 1940, as amended by order dated December 17, 1940, granting motion by plaintiff for examination before trial of certain defendants and denying motion of certain defendants to preclude plaintiff from giving evidence, but without prejudice to renewal if a bill of particulars be not furnished within twenty days after completion of the examinations therein provided, in so far as appealed from, affirmed, with ten dollars costs and disbursements, the examinations to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

MICHEL COSMETICS, INC., Respondent, v. ARISTIDES G. TSIRKAS and Others, Appellants.— Action for an injunction, an accounting, and to recover damages for unfair competition. Appeal from an order referring the issues to an official referee to hear and report dismissed, without costs. Such order is not appealable. (Matter of Silaski, 175 App. Div. 199; Luttenberger v. Alpert Woodworking Corp., 252 id. 862; Manufacturers Trust Co. v. Madgo Realty Corp., 256 id. 954.) It would seem, however, that the hearing should be conducted toward the end directed by the opinion in this case in 282 N. Y. 195, and not in accordance with the wording of the order, which refers to the provision in the interlocutory judgment, paragraph 4 of which states a measure of damages which has been disapproved. The order of reference could be resettled accordingly. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

EARNEST I. PAGE, Respondent, v. TURNER CONSTRUCTION COMPANY, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order denying its motion for leave to bring in an additional defendant and to serve a supplemental summons and a cross-complaint. Order affirmed, with ten dollars costs and disbursements. Defendant, the general contractor on a building operation, sought to implead its subcontractor, the employer of the plaintiff, under a clause of indemnity in the subcontract. Plaintiff sued for injuries alleged to have been sustained through the negligence of the defendant. The clause in the contract did not indemnify defendant against damages occasioned by its own negligence. (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.