Samuel Rabin. J.
Motion by petitioner (1) for an order restoring this proceeding to the calendar for a determination on the merits, pursuant to an order denying the motion to dismiss the petition for insufficiency; (2) for an order vacating respondents’ notice of examination before trial and (3) for an order vacating respondents’ demand for a bill of particulars.
Cross motion by respondents for an order dismissing the petition on the merits, or, in the alternative, that the issues raised be referred to a referee for a hearing to be “ held at the same time and place, and before the same court or referee who will hear the joint trial of ” two other actions pending between the parties.
Petitioner brings this proceeding pursuant to section 25 of the General Corporation Law to annul the action of the stockholders in removing him as a director. On a prior motion to dismiss the petition for insufficiency, the court held that the petition was sufficient as a matter of pleading and directed the respondents to serve an answer. The court further ordered that either side might restore the matter to the calendar on five days’ notice.
Petitioner alleges as the grounds for the relief sought (1) that no by-laws were ever adopted providing for the removal of a director without cause; (2) that no charges of any kind were served on him; (3) that he was never given an opportunity to defend himself against any charges; (4) that his removal was in violation of an express agreement that all actions of the directors and stockholders be by unanimous consent; (5) that his removal was in violation of an express agreement that so long as he or his designee was a stockholder, then he or his designee would serve as a director and (6) that the notice of meeting was insufficient and improper.
Since the last ground urged by petitioner questions the legality of the meeting, it may be well to dispose of it first. The notice of meeting, according to paragraph 9 of the petition, was sent to all of the stockholders on August 13, 1956, calling for a meeting to be held on August 28, 1956 and was signed by the secretary. Such notice complies with the requirements of section 45 of the Stock Corporation Law. Suffice it to say that the meeting was attended and participated in by one hundred percent of the stockholders. The meeting was validly called and there is no merit to petitioner’s claim in this respect.
At the meeting, a motion was made to remove petitioner as a director, with or without cause. The motion was carried, seventy *164 percent of the stockholders voting in favor thereof. The thirty percent opposed were the shares standing in the name of petitioner’s wife.
To the extent that the removal was for cause, petitioner was entitled to “ the service of specific charges, adequate notice and full opportunity of meeting the accusations ”. (Matter of Auer v. Dressel, 306 N. Y. 427, 432.) While it is claimed that petitioner had been notified orally of his alleged derelictions and had received written notice of the meeting, it appears that he did not receive written specifications of the charges against him. It is unnecessary, however, to pursue this question further since the corporate by-laws provide for removal without cause. Section 14 of the by-laws provides in part: “Any director may be removed either with or without cause, at any time, by vote of the stockholders at a meeting called for the purpose.” The notice of the meeting specified as its first object: “ (a) To consider whether Edward 0. Teperman should be removed from the office of director of the corporation, with or without cause. ” This presents squarely petitioner’s claim that no by-laws were ever adopted. Respondents have submitted a photostatic copy of the certificate of incorporation showing the incorporators and directors until the first meeting of the shareholders to be the respondents, Amron and Bendes, and one Shirley Liebowitz. They have also submitted a photostatic copy of ‘ Minutes of the First Meeting of the Incorporators” held on December 8, 1953, attended by the three incorporators. Said minutes recite that respondent Amron was elected chairman of the meeting and Shirley Liebowitz secretary thereof. They further recite:
“ The Chairman presented and read article by article, the proposed By-Laws for the conduct and regulation of the business and affairs of the Corporation.
“ Upon motion duly made, seconded and carried, they were adopted and in all respects, ratified, confirmed and approved, as and for the By-Laws of this Corporation.
“ The Secretary was directed to cause them to be inserted in the minute book immediately following the receipt of the Secretary of State.”
Annexed to the minutes are a set of by-laws, including the one quoted from above, permitting the removal of directors, with or without cause. The minutes are signed by Shirley Liebowitz and by the respondent Bendes. The respondent Amron has submitted an affidavit stating that he attended the first meeting of the incorporators and approved the adoption of the by-laws, that he inadvertently overlooked signing the *165 minutes and that the corporation has operated under said bylaws since their adoption on December 8,1953.
From the minutes of the contested meeting of August 28,1956, it appears that respondent Amron offered to sign the minutes of the previous meetings, but this was objected to by petitioner’s attorney who attended the meeting as the proxy of one share of stock registered in the name of petitioner’s wife. Petitioner’s attorney then stated that the time to ratify and confirm is at the time when the minute was held.”
Obviously this is not so. From their very nature, minutes of meetings record the events which took place at the meeting and are usually prepared and signed after the event. The time which elapses between the holding of the meeting and the preparation of the minutes may vary. Since the three incorporators have all either signed the minutes or sworn to the fact that they reflect accurately what took place, the petitioner’s argument that no by-laws were ever adopted is without merit. It follows that respondents had the power to remove petitioner without cause.
There remains only petitioner’s argument that his removal was in violation of an express agreement that all actions by the stockholders must be by unanimous consent. The articles of incorporation contain no such provision. Section 9 of the Stock Corporation Law requires that such provision be contained in the certificate of incorporation, or in an amendment thereto, filed pursuant to the Stock Corporation Law.
Insofar as petitioner claims an express agreement that he was to be retained as a director so long as he or his designee was a stockholder, this proceeding is not the place to prove such an agreement. (Matter of Bruder & Son, 302 N. Y. 52.) Accordingly, respondents’ motion to dismiss the petition on the merits is granted. The remaining motions of the parties for incidental relief thus become academic.
Submit order.