■ In the Matter of EDWARD C. TEPERMAN, Appellant, against ATCOS BATHS, INC., et al., Respondents.— In a proceeding brought by a removed director of a corporation to annul his removal, to vacate the election of his successor, and to reinstate him as a director, the appeal is from an order which, *inter alia*, dismissed the petition on the merits, and from the judgment entered thereon. Order affirmed, without costs. After institution of this proceeding, respondents moved to dismiss the petition for insufficiency on its face. This motion was denied. Thereafter, respondents served their answer, and appellant moved to restore the proceeding to the Special Term Calendar. In his supporting papers, appellant asked " that the Court on the return date of this motion grant my petition on the merits and the papers before it and also on the minutes of the [stockholders'] meeting." Respondents thereupon cross-moved for an order determining the application on the merits by dismissing the petition summarily. This cross motion was based on the pleadings and also on annexed affidavits and exhibits. Appellant's affidavit in opposition to respondents' cross motion expressly requested the court to " make a summary disposition of this application and not refer it for trial

to Special Term or an Official Referee." The effect of the motion and cross motion was to bring the proceeding on at Special Term in exactly the same manner as if there had been no previous motion to dismiss for insufficiency and respondents had merely submitted an answer supported by affidavits and exhibits. If this proceeding be considered one pursuant to article 78 of the Civil Practice Act, section 1295 thereof empowered the Special Term to determine the proceeding on the merits on the return day of the application, without a hearing, if the papers did not raise any triable issue of fact. The procedure under that section is exactly analogous to summary judgment under rule 113 of the Rules of Civil Practice (*Matter of Rotkiewicz* v. *Department of Mental Hygiene of State of N. Y.,* 283 App. Div. 458, 461; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626, 629–630, affd. 281 N. Y. 87; Third Annual Report of N. Y. Judicial Council, 1937, p. 188; see, also, Civ. Prac. Act, § 1291; *Matter of Auer* v. *Dressel,* 306 N. Y. 427, 431). If this proceeding be considered one pursuant to section 25 of the General Corporation Law, the Special Term similarly had the power to determine it on the merits on the return day of the application, without a hearing, if the papers raised no triable issue of fact (*Matter of Serenbetz,* 46 N. Y. S. 2d 475, affd. 267 App. Div. 836; cf. *Matter of Femode Foundations,* 2 A D 2d 874; *Matter of Pleasant Val. Soc.,* 105 App. Div. 617). In this proceeding, the papers raise no triable issue as to appellant's removal without cause. Nor do they raise any triable issue with respect to the adoption of the by-law authorizing such removal, since appellant relies solely on the fact that one of the incorporators failed to sign the minutes of the incorporators' meeting at which the by-laws were adopted. However, the law is clear that action taken at such a meeting is effective even if the minutes were not signed, and the unsigned minutes are competent as evidence of the action taken at the meeting (*Woodhaven Bank* v. *Brooklyn Hills Improvement Co.,* 69 App. Div. 489; *Moss* v. *Averell,* 10 N. Y. 449; *Handley* v. *Stutz,* 139 U. S. 417). Moreover, the action taken at the meeting may be proved in the same way as acts of any private individual. And here both the minutes of the incorporators' meeting and the affidavit of its chairman conclusively and undisputedly show that the by-law in question was actually adopted and that the chairman's failure to sign the minutes was a mere inadvertence. With respect to the issue as to the existence and effect of the alleged agreement to retain appellant as a director so long as he or his wife remained a stockholder, that issue may not be determined in this summary proceeding but only in a plenary action (*Matter of Bruder & Son,* 302 N. Y. 52; *Matter of Femode Foundations, supra*). On these papers, then, there is no triable issue, but at most a feigned issue which did not deprive the Special Term of the power to determine the matter on the merits, without a hearing. In any event, all parties, and particularly appellant, requested that the Special Term determine this application on the merits, on the papers, and without a hearing. By doing so, they established the procedure which the Special Term followed and they are bound by the determination (cf. *Matter of Malloy,* 278 N. Y. 429; *Matter of Laporte* v. *City of New Rochelle,* 2 A D 2d 710, affd. 2 N Y 2d 921). Appeal from judgment dismissed, without costs. No judgment is printed in the record. Wenzel, Beldock and Kleinfeld, JJ., concur; Nolan, P. J., and Ughetta, J., concur in the dismissal of the appeal from the judgment but dissent from the affirmance of the order and vote to reverse said order, to deny the respondents' cross motion and to remit the proceeding to the Special Term for further proceedings as hereinafter indicated, with the following memorandum: Rule 113 of the Rules of Civil Practice is not applicable to

this proceeding. In any event, issues of fact are presented, and such issues should be resolved only after trial and not summarily upon affidavits. [6 Misc 2d 162.]